**UNITED STATES of America, Appellee,**

v.

**Conrad E. METZ, Appellant.**

**No. 79–1984.**

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1980.

Decided June 19, 1980.

---

Roy W. Brown, Kansas City, Mo., for appellant.

Michael DeFeo, Atty., Dept. of Justice, Kansas City, Mo., argued, William A. Keefer, Atty., Dept. of Justice, Ronald S. Reed, U. S. Atty., Kansas City, Mo., co-counsel, on brief, for appellee.

Before BRIGHT and ROSS, Circuit Judges, and SCHATZ, District Judge.*

ROSS, Circuit Judge.

Conrad E. Metz was tried before a jury [1] and was convicted, along with codefendant Joseph J. Spero, of conspiring to possess and possessing a destructive device not registered in the National Firearms Registration and Transfer Record.[2] On appeal, Metz contends that the district court erred in denying his motion for a mistrial, which was entered immediately after the opening statements of counsel for Metz's codefendants. For the reasons set forth below, we affirm Metz's conviction.

---

* The Honorable ALBERT G. SCHATZ, United States District Judge for the District of Nebraska, sitting by designation.

1. The United States District Court for the Western District of Missouri, the Honorable John W. Oliver, District Judge, presiding.

2. Conrad Metz was indicted and tried along with Joseph J. Spero and Michael W. Cuezze. Joint and individual Motions for Severance were filed and were denied, save for the Motion to Sever Count Three of the Indictment. All three defendants were named in the remaining two counts.

Count I alleged the existence of a conspiracy to possess a destructive device, defined in 26 U.S.C. § 5845(f), which had not been registered to the defendants in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d). Count II alleged the willful and knowing possession of a destructive device in violation of 26 U.S.C. §§ 5861(d) and 5871.

Spero and Metz were convicted on both counts, and Cuezze was acquitted. Both Spero and Metz appeal their convictions. See *United States v. Spero*, 625 F.2d 779, (8th Cir. 1980). ·

The central issue on appeal is whether Metz, who chose not to testify in his behalf, was prejudiced by remarks made by codefendant Spero's counsel in his opening statement. Although counsel's remarks did not directly address Mr. Metz's decision not to testify, they did emphasize that Metz's codefendants would testify in spite of their constitutional right not to:

There is one large difference between two of the witnesses who will testify and the position of Lyle Neal and other witnesses. As Judge Oliver explained to you earlier, Joe Spero and Mike Cuezze have an absolute guaranteed right not to testify if that were their choosing, and, frankly, sometimes it is a very difficult, lawyer-like decision to make, whether to challenge only the sufficiency of the case or the believability of various witnesses of the government or to go ahead and subject yourself to cross-examination and testify.

In spite of that right, Joe Spero and Mike Cuezze will testify, and they will explain their version of things that were said and done through especially the key dates of from May 4 through the 16 or 17.

Metz's objection to these remarks was made out of the jury's hearing, and took the following form:

MR. BROWN: It is with reluctance that I have to state in the record what I have to state in regard to Mr. Matula's opening statement in which he made a reference to his concern about testifying or not testifying of a defendant, and it has been unduly pointed out that there can be no comment made about it.

It is my decision not to place Mr. Metz on the stand, and his remarks, to me, appear to be a very prejudicial comment as to whether a defendant can or cannot testify. I think it is highly prejudicial to Mr. Metz in light of the decision not to place him on the stand, and I move for a mistrial.

Metz also argued that the prejudice could not be cured through limiting instructions to the jury.

Metz's second argument is that the prejudice was magnified by the trial court's four instructions to the jury relating to the fact that a defendant need not call witnesses or produce evidence on his own behalf, and a fifth instruction based on Section 17.14 of Devitt and Blackmar, *Federal Jury Practice and Instructions*:

The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn, from the failure of a defendant to testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

In support of his first contention, Metz argues that the fifth amendment absolutely prohibits any mention or inference which would emphasize to the jury the fact that a defendant chose not to take the stand to testify. This argument is based on the broad language set forth by the Fifth Circuit Court of Appeals in *United States v. de Luna*, 308 F.2d 140, 152 (5th Cir. 1962):

If comment on an accused's silence is improper for judge and prosecutor, it is because of the effect on the jury, not just because the comment comes from representatives of the State. Indeed, the effect on the jury of comment by a co-defendant's attorney might be more harmful than if it comes from judge or prosecutor.

(Footnote omitted.) Metz relies on the *de Luna* decision to support his conclusion that the trial court's instructions did not suffice to remove the prejudice caused him by the allegedly improper statements:

The court's instructions were intended, of course, to neutralize the effect of the comments. But considering the head-on collision between the two defendants, the repetition of the comments, and the extended colloquy over the comments between the trial judge and the lawyers, the imputation of guilt to de Luna was magnified to such an extent that it seems unrealistic to think any instruction to the

jury could undo the prejudicial effects of the reference to de Luna's silence.

*Id.* at 154.

Turning to the present appeal, however, we find no prejudice which would require us to reverse the district court's decision not to grant a mistrial. In the first place, an examination of the statements made by Spero's counsel reveals no direct reference to Metz's decision not to testify. Instead, the remarks were limited to the decision made by Metz's codefendants to take the stand and subject themselves to cross-examination. Under the circumstances, any prejudice which Metz might have suffered is the product of inference, alone, and can in no way be compared to the direct statements of the codefendant's counsel in *de Luna*:

> Well, at least one man was honest enough and had courage enough to take the stand and subject himself to cross examination and tell you the whole story, and tell you that, "Yes, I first colored the story, but when I got back to my senses I told the truth, and that's the whole thing." ¶ You haven't heard a word from this man [de Luna].

*Id.* at 143. Contrary to the situation in *de Luna*, we believe that the court's instructions to the jury in the present appeal were sufficient to remove any prejudice to Mr. Metz which might have been inferred by the jury from the comments of Spero's counsel.

In addition, this court has previously had occasion to discuss the factual setting in *de Luna*, and has noted some important limitations on the holding in that case. In *Hayes v. United States*, 329 F.2d 209, 221–22 (8th Cir.), *cert. denied*, 377 U.S. 980, 84 S.Ct. 1883, 12 L.Ed.2d 748 (1964), under slightly different circumstances,[3] this court distinguished the *de Luna* decision on the following grounds:

> We do not here have a situation where Bennett or any of the testifying defendants pinned any criminal acts upon non-testifying defendants. Here, unlike the situation in *de Luna*, Bennett did not place the sole blame for the wrongful acts charged upon a co-defendant. Bennett made no charges against Hayes or Clevenger with respect to any issue material to his defense.

Although the *Hayes* case involved different legal issues than the present appeal, as previously mentioned, we find the distinctions drawn in that case to be applicable for our purposes. In this case, as in *Hayes*, we have a situation where the codefendants have not in any manner attempted to place the blame solely on one defendant. Consequently, we find in this case none of the "head-on collision between * * * defendants, the repetition of the comments, and the extended colloquy between the trial judge and the lawyers * * *" which were held to be prejudicial in *United States v. de Luna, supra*, 308 F.2d at 154. In fact, the objections and the discussion which followed the alleged prejudicial remarks in this case were made out of the range of the jury's hearing.

Finally, our review of the record indicates that, contrary to Metz's contention, there was ample evidence to support the conviction. We therefore do not have a situation, as Metz argues, where the conviction could only have resulted from the prejudicial remarks.

■ This court has noted before that the district court has broad discretion in determining whether prejudicial remarks require the granting of a motion for a mistrial. *United States v. Taylor*, 603 F.2d 732, 736 (8th Cir.), *cert. denied*, 444 U.S. 982, 100 S.Ct. 487, 62 L.Ed.2d 487 (1979). In this case, where the alleged prejudicial comments were limited to the opening statement, and where the trial court instructed the jury that no inferences were to be drawn from a defendant's decision not to take the stand, we hold that the district court has not abused its discretion in denying the motion for a mistrial.

---

3. The relevant issues in *Hayes v. United States*, 329 F.2d 209 (8th Cir.), *cert. denied*, 377 U.S. 980, 84 S.Ct. 1883, 12 L.Ed.2d 748 (1964), was the scope of a defendant's right, in developing his own defense, to make comments on a codefendant's failure to testify.

Metz's second argument is similarly without merit. The trial court's instructions have not increased the prejudice to Metz. In *Lakeside v. Oregon*, 435 U.S. 333, 339, 98 S.Ct. 1091, 1095, 55 L.Ed.2d 319 (1978), the Supreme Court considered the issue of whether the fifth amendment prohibits the trial court from instructing over the defendant's objection, that it is not to draw any adverse inference from the defendant's decision not to testify on his behalf. In ruling that the fifth amendment prohibits only *adverse* comments about a defendant's decision not to testify, the court stated that

> a judge's instruction that the jury must draw *no* adverse inferences of any kind from the defendant's exercise of his privilege * * * cannot provide the pressure on a defendant found impermissible in *Griffin* [*v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965)]. On the contrary, its very purpose is to remove from the jury's deliberations any influence of unspoken adverse inferences. It would be strange indeed to conclude that this cautionary instruction violates the very constitutional provision it is intended to protect.

We have reviewed the jury instructions and those portions of the transcript in which the instructions were discussed by counsel. There are no adverse inferences in the instructions relating to Metz's failure to take the stand, and we therefore find no prejudice in them. Moreover, Metz's counsel made no objection to the instructions, other than a general one preserving the right to object at a later time. Under the circumstances, we find no merit in Metz's second argument.

Accordingly, we conclude that the district court properly exercised its discretion in denying the motion for a mistrial, and we therefore affirm Metz's conviction.