**UNITED STATES of America, Appellee,**

v.

**Joseph SPERO, Appellant.**

**No. 79–1985.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 18, 1980.
Decided June 19, 1980.

Daniel J. Matula, Kansas City, Mo., for appellant.

Michael DeFeo, Atty., Dept. of Justice, Kansas City, Mo., William A. Keefer, Atty., Ronald S. Reed, U. S. Atty., Kansas City, Mo., on brief, for appellee.

Before BRIGHT and ROSS, Circuit Judges, and SCHATZ, District Judge.[*]

ROSS, Circuit Judge.

The appellant, Joseph J. Spero, was convicted by a jury[1] of one count of conspiring to possess a destructive device not registered in the National Firearms Registration and Transfer Record, and one count of possession of such a device.[2] During his trial, the district judge permitted counsel for the United States to cross-examine Spero, over his attorney's objection, about a 1957 conviction for grand theft. On appeal, Spero claims that the trial court erred in admitting the evidence pertaining to the twenty-two year old conviction because he failed to make an adequate finding that the probative value of the evidence substantially outweighed its prejudicial effect, pursuant to Rule 609(b) of the Federal Rules of Evidence.[3] We disagree, and therefore affirm Spero's conviction.

Spero's theory of the case is founded upon two arguments. First, it is claimed that the evidence of the conviction has no probative value relative to the issues in the case, and that the district court therefore erred in admitting it. Second, it is argued that the district court's findings were inadequate because they failed *specifically and explicitly* to weigh the probative value of the evidence against its prejudicial effect.

It is obvious from our review of the record that these contentions are without merit. The evidence concerning Spero's prior conviction—albeit twenty-two years old—is probative of his credibility as a witness. And considering the importance of the credibility resolutions in this particular appeal, we cannot say that the district court erred in admitting the evidence of the 1957 conviction.

The reasoning behind our conclusion becomes more evident when viewed against the background of Spero's trial. The government's case against Spero and his codefendants was based in large part upon the testimony of a government witness,

---

[*] The Honorable ALBERT G. SCHATZ, United States District Judge for the District of Nebraska, sitting by designation.

1. The United States District Court for the Western District of Missouri, the Honorable John W. Oliver, District Judge, presiding.

2. Appellant Spero was indicted and tried along with codefendants Conrad E. Metz and Michael W. Cuezze. Count I of the indictment alleged the existence of a conspiracy to possess a destructive device, defined in 26 U.S.C. § 5845(f), which had not been registered to the defendants in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d). Count II alleged the willful and knowing possession of a destructive device in violation of 26 U.S.C. §§ 5861(d) and 5871. Spero and Metz were convicted on both counts, and Cuezze was acquitted. Both Spero and Metz appeal their convictions. See *United States v. Metz*, 625 F.2d 775 (8th Cir. 1980).

3. Rule 609(b) of the Federal Rules of Evidence reads as follows:

(b) Time limit—Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Lyle Neal, who had participated in the conspiracy until sometime in May of 1979. At that time, Neal contacted the Missouri Police Department and offered his cooperation in return for immunity from prosecution, inclusion in the Federal Witness Protection Program, and a fairly substantial sum of money. Neal's testimony at trial linked Spero to the criminal acts alleged in the indictment, and directly contradicted Spero's testimony on several crucial points. Therefore, it is fair to say that in its final analysis, the jury had to choose between accepting the testimony of Neal or accepting the testimony of Spero.

Prior to defense counsel's cross-examination of Neal, government counsel requested a ruling under Rule 609(b) as to the admissibility of Neal's two felony convictions which had occurred more than ten years before the trial. Judge Oliver, noting the circumstances surrounding the testimony and the importance of Neal's credibility, permitted broad cross-examination, including questions about the two prior felony convictions. When the government counsel requested similar permission to question Spero about his 1957 conviction, Spero's counsel objected, and argued that the conviction was too remote in time to be probative. Judge Oliver disagreed, and permitted the issue to be raised on cross-examination.

This court has noted before that the trial court judge is "best situated to determine the 'interests of justice'" in considering whether evidence of prior crimes should be admitted at trial, in accordance with the terms of Rule 609(b). *United States v. Little*, 567 F.2d 346, 350 (8th Cir.), *cert. denied*, 435 U.S. 969, 98 S.Ct. 1608, 56 L.Ed.2d 60 (1977). And in situations such as this, where the credibility of one witness must be weighed directly against that of another, the probative value of a prior conviction may well be enhanced, rather than diminished:

> [W]e note that the admission of Appellant's criminal record here, along with the criminal record of the complaining witness, was not in a vindictive or "eye for

an eye" sense, as Appellant argues. Rather it was received because the case had narrowed to the credibility of two persons—the accused and his accuser—and in those circumstances there was greater, not less, compelling reason for exploring all avenues which would shed light on which of the two witnesses was to be believed.

*Gordon v. United States*, 383 F.2d 936, 941 (D.C.Cir.1967), *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968). We are therefore unable to conclude that Judge Oliver erred in determining that this evidence was probative and that it should have been admitted at trial.

■ Spero also argues that the district court erred in not citing specific and explicit findings to support the admission of the evidence of his prior conviction. Spero contends that such formal findings of fact and conclusions of law are mandated by the Fourth Circuit's opinion in *United States v. Cavender*, 578 F.2d 528 (4th Cir. 1978). It is true, as Spero suggests, that the *Cavender* decision requires specific findings of the facts and circumstances which allow the admission of evidence pertaining to a conviction that is more than ten years old. However, we feel that the *Cavender* decision is in no way binding on this court in the present appeal.

We note at the outset that although we are not disposed at this time to adopt the requirements set forth in *Cavender*, there is no need for such a decision in the present appeal. Even assuming, arguendo, that Judge Oliver's findings are inadequate to support the admission of the evidence in question, any error which might exist in that ruling is purely harmless error. The facts of this appeal provide a stark contrast to those in *Cavender*, where evidence concerning three convictions which had occurred over ten years before the trial were admitted along with one conviction which was clearly within the ten year time period set out in Rule 609(b). In addition, the court in *Cavender* determined that the error in the admission of the prior convictions evidence was substantial in light of the

circumstantial nature of the government's case and the highly prejudicial nature of a twenty-five year old sodomy conviction and a twenty-one year old probation violation.

In the present case, only one felony conviction was brought to the jury's attention, and the record clearly reflects that Judge Oliver limited the discussion of that conviction to a brief inquiry in which counsel had the opportunity to state or ask "the date, time, place, and let it go at that." Counsel for the government scrupulously adhered to the limitations placed on the inquiry by Judge Oliver. In addition, the evidence against Spero in this case was considerably more persuasive than the circumstantial evidence adduced by the government in *Cavender.* Under the circumstances, the prejudice resulting from the admission of the evidence was minimal. Finally, as we indicated previously, the probative value of a prior conviction over ten years old is enhanced when the credibility of one convicted witness is weighed directly against that of another. *Gordon v. United States, supra,* 383 F.2d at 941.

In conclusion, we agree with counsel for the government that "it is apparent *Cavender* was a case of massive and prejudicial overkill, readily distinguishable from the use of one felony with no emotionally prejudicial overtones in the instant situation." Thus, we hold that any error which might exist in Judge Oliver's evidentiary ruling is harmless error. *See Grant v. White,* 579 F.2d 48, 49 (8th Cir. 1978) (improper admission of an uncounseled juvenile adjudication was held harmless error in light of other strong evidence of guilt).

In light of the foregoing analysis, Spero's conviction is affirmed.