**UNITED STATES of America, Appellee,**

v.

**Ronnie L. THOMAS a/k/a Ronnie Lee Thomas a/k/a Ronald L. Thomas–Bey, Appellant.**

**No. 89–2071.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1990.

Decided Sept. 11, 1990.

Allen I. Harris, St. Louis, Mo., for appellant.

Dean Hoag, St. Louis, Mo., for appellee.

Before ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Ronnie Thomas–Bey appeals his conviction and sentence for possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). We affirm.

## I.

In the early afternoon of June 9, 1988, officers of the St. Louis police department executed a search warrant at an apartment rented by Veronica Ross. They found Thomas–Bey in the bedroom, kneeling on the floor and pouring the contents of a 7–Up bottle into a red shoe box. The officers arrested Thomas–Bey and seized the shoebox, which contained narcotics paraphernalia and cocaine. They also seized two firearms they found on the other side of the bed from where they found Thomas–Bey: a nine millimeter pistol and an AK47 assault rifle, both fully loaded. Among other items they seized was a letter addressed to Thomas–Bey at the Ross apartment.

Thomas–Bey was indicted for possession of a firearm by a convicted felon, possession of cocaine with the intent to distribute, and use of a firearm in a drug trafficking crime. Two trials resulted in hung juries. At a third trial, the subject of this appeal, Ross testified that Thomas–Bey was her boyfriend and stayed at her apartment two or three times a week. According to Ross, Thomas–Bey had been jogging the day police searched her apartment, returning about 45 minutes before the police arrived, and had lain down on the bed to rest. Ross also testified that she had discovered the guns in a closet only a couple of weeks before the police came to search her apartment. Ross had previously testified before the grand jury that when she asked Thomas–Bey about the guns, he told her not to worry about who they belonged to and that he would get them out of the apartment. A police officer testified, however, that when Ross was arrested she said the guns belonged to Thomas–Bey. Thomas–Bey denied having any knowledge of the firearms or pouring 7–Up in the shoebox on the day police searched Ross' apartment.

The jury found Thomas–Bey guilty of the firearm charge and acquitted him of the other two charges. The district court[1] sentenced Thomas–Bey to sixty months' imprisonment, three years' supervised release, and a special assessment.

## II.

Thomas–Bey first contends that the district court erroneously refused to grant his motions for judgment of acquittal because the evidence is insufficient to support a jury finding that he possessed the firearms found in Ross' apartment. When reviewing a district court's denial of a motion for judgment of acquittal, we examine the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences. *United States v. Singer,* 660 F.2d 1295, 1301 (8th Cir.1981), *cert. denied,* 454 U.S. 1156, 102 S.Ct. 1030, 71 L.Ed.2d 314 (1982). A motion for acquittal should be granted only if a reasonable jury must have a doubt about the existence of one of the essential elements of the crime. *Id.; United States v. Bredell,* 884 F.2d 1081, 1082 (8th Cir.1989).

The government may prove a fact in issue in a criminal case by circumstantial as well as by direct evidence. *Holland v. United States,* 348 U.S. 121, 139–140, 75 S.Ct. 127, 137–138, 99 L.Ed. 150 (1954). "The facts and circumstances relied on by the government must be consistent with guilt, but they need not be inconsistent with any other reasonable hypothesis, and it is enough to convict if the entire body of evidence is sufficient to convince the jury

---

[1]. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

beyond a reasonable doubt that the defendant is guilty." *United States v. Wisdom*, 534 F.2d 1306, 1309 (8th Cir.1976); *see also United States v. Marin–Cifuentes*, 866 F.2d 988, 992 (8th Cir.1989).

Under this standard, we find that sufficient evidence of Thomas–Bey's guilt existed with which to create a jury issue. The evidence that Thomas–Bey lived at Ross' apartment much of the time, Ross' testimony, as well as her statements to police when she was arrested, were probative evidence that Thomas–Bey possessed the guns found in her apartment. Although at trial Ross denied telling the police that Thomas–Bey owned the guns and Thomas–Bey denied knowing about them, "[i]t is for the jury, not a reviewing court, to evaluate the credibility of witnesses and to weigh their testimony." *United States v. Hudson*, 717 F.2d 1211, 1213 (8th Cir.1983). The testimonial and circumstantial evidence were sufficient to convince a reasonable jury beyond a reasonable doubt that Thomas–Bey possessed the guns.

### III.

■ During the voir dire, the government used a peremptory challenge to strike the only black juror from the jury panel. Because Thomas–Bey is black, the defense asserted a violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), in which the Supreme Court held that the Equal Protection Clause forbids the government from challenging potential jurors on account of their race. *Id.* at 89, 106 S.Ct. at 1719. Under *Batson*, once a defendant makes a prima facie case of the prosecution's purposefully discriminatory use of peremptory challenges, the burden shifts to the government to come forward with a neutral explanation, particular to the case, for challenging jurors of the defendant's race. *Id.* at 96–98, 106 S.Ct. at 1722–1724.

The district court found that Thomas–Bey had made out a prima facie case of purposeful discrimination, a finding the government does not dispute. The court then asked the government to give a racially neutral reason for its peremptory challenge. The government responded by giving three reasons. First, the juror had previously served on a case involving guns and drugs in which the jury had acquitted the defendant on the drug charges and was hung on the other count. Second, the juror acknowledged that he was familiar with the Moorish Science Temple, to which Thomas–Bey belongs, and was sympathetic to a Temple member who had been held in contempt for wearing his religious headcovering in court. Third, the juror was aware of the Stockton, California, massacre in which the perpetrator had used automatic weapons. The juror said he felt sympathy for those involved, including the perpetrator. The district court found that the prosecution had articulated sufficiently neutral reasons for the challenge and overruled Thomas–Bey's *Batson* objection.

We review a district court's finding that the government has exercised its peremptory challenges in a nondiscriminatory manner under the clearly erroneous standard. *United States v. Nicholson*, 885 F.2d 481, 482 (8th Cir.1989). We find no clear error here. The prosecution's reasons for striking the black juror were unique to the facts of the case and were racially neutral and thus constitutionally permissible.

### IV.

■ At trial, Thomas–Bey claimed that Officers Froehlich and Thompson, two of the officers who searched Ross' apartment, deliberately falsified the facts surrounding his arrest because of their bias against him. He sought to establish the bias by introducing his cousin, Jerry Lewis–Bey, as a defense witness to testify about an alleged 1981 incident in which Froehlich and Thompson had beaten both of them during an arrest. Although one of the officers recalled an incident involving members of the Moorish Science Temple, they did not recall arresting Thomas–Bey or Lewis–Bey and denied beating them.

The district court permitted the government to impeach Lewis–Bey's testimony by introducing evidence of his 1972 conviction for possession of heroin with intent to distribute. Thomas–Bey appeals the admis-

sion of Lewis–Bey's prior conviction on the grounds that it violated Federal Rule of Evidence 609(b), which provides:

> Evidence of a conviction * * * is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

The trial court judge is "'best situated to determine the "interests of justice"'" in considering whether evidence of prior crimes should be admitted at trial." *United States v. Spero*, 625 F.2d 779, 781 (1980) (quoting *United States v. Little*, 567 F.2d 346, 350 (8th Cir.1977), *cert. denied*, 435 U.S. 969, 98 S.Ct. 1608, 56 L.Ed.2d 60 (1978)). We do not overturn the evidentiary rulings of a district court absent an abuse of discretion. *United States v. Holmes*, 822 F.2d 802 (8th Cir.1987). In both *Holmes* and *Spero* we affirmed the admission of evidence concerning defendants' prior convictions, even though they were over ten years old, because credibility was at issue. "'[W]here the credibility of one witness must be weighed directly against that of another, the probative value of a prior conviction may well be enhanced, rather than diminished.'" *Holmes*, 822 F.2d at 805 (quoting *Spero*, 625 F.2d at 781).

The district court noted here that because Thomas–Bey alleges the officers' deliberate falsification of facts surrounding his arrest, instead of merely asserting inadvertency or mistake, "[c]redibility in this case is paramount." The court also found that the risk of unfair prejudice was minimal because Lewis–Bey was not the defendant. Moreover, the court gave a limiting instruction to curb the potential for prejudice, permitting the jury to use evidence of Lewis–Bey's prior conviction "only to help you decide whether to believe the witness and how much weight to give his testimony." We find no abuse of discretion in the district court's decision to admit evidence of Lewis–Bey's prior conviction.

## V.

When sentencing Thomas–Bey, the district court departed from the Federal Sentencing Guidelines (Guidelines) range of eight to fourteen months, sentencing him instead to sixty months' imprisonment. The district court cited as aggravating circumstances the dangerous nature of the firearms, the fact that they were fully loaded, and the assaultive nature of Thomas–Bey's 1983 conviction for second degree robbery and second degree assault.

Thomas–Bey asserts that the type of weapon was not a proper basis for departure because all firearms are potentially deadly and that the assaultive nature of his 1983 conviction was already taken into account in the sentencing report. In addition, he contends that the district court did not use proper methodology under Guidelines § 4A1.3, which governs departures when the district court finds an inadequacy in the criminal history category called for by the Guidelines.

The district court did not indicate whether it was departing under the authority of section 4A1.3 or Guidelines § 5K2.0, which generally discusses grounds for departure. We review sentences departing from the Guidelines pursuant to both sections under the three-part test of *United States v. Diaz–Villafane*, 874 F.2d 43, 49 (1st Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989). *United States v. Crumb*, 902 F.2d 1337 (8th Cir. 1990); *United States v. Snover*, 900 F.2d 1207 (8th Cir.1990); *United States v. Lang*, 898 F.2d 1378 (8th Cir.1990). Under that test, we consider (1) as a question of law, whether the circumstances the district court relied on for departure are sufficiently unusual in kind or degree to warrant departure; (2) as a question of fact, whether the circumstances justifying departure actually exist; and (3) whether or not the sentence is reasonable. *Crumb*, 902 F.2d at 1339. The "district court has wide discretion in sentencing and its inquiry is 'largely unlimited either as to the kind of

information [it] may consider, or the source from which it may come.' " *Lang,* 898 F.2d at 1381 (quoting *United States v. Johnson,* 767 F.2d 1259, 1276 (8th Cir. 1985)). When considering an upward departure based on past criminal conduct, the district court must compare the seriousness of the defendant's criminal history with that of offenders in each higher category and then select the category that most closely resembles the defendant's history. Guidelines § 4A1.3; *United States v. Anderson,* 886 F.2d 215, 216 (8th Cir.1989).

 Although our review of Thomas–Bey's sentence would have been aided by an indication from the district court of which guideline it was departing under and a specific selection of the criminal history category that most closely resembles the seriousness of Thomas–Bey's criminal history, the court's failure to do so does not preclude our affirmance of the district court's departure where, as here, the court cited a combination of aggravating circumstances. Under our three-part test, we find that the district court properly considered the "assaultive nature" of the 1983 conviction, the nature of the firearms Thomas–Bey possessed, and the fact that the firearms were loaded as factors not adequately taken into account by the Guidelines which warrant departure. We are also satisfied that those factors actually existed and that the district court's departure was reasonable: the factors forcefully illustrate the danger Thomas–Bey has repeatedly posed for others, which indeed warrants a severe penalty. We also note that had the district court decided to consider Thomas–Bey's other prior convictions in calculating his criminal history category, Thomas–Bey could very well have received a minimum sentence of fifteen years under 18 U.S.C. § 924(e)(1).

The judgment of the district court is affirmed.