UNITED STATES of America, Appellee,

v.

**Henry Rufus LLOYD, Appellant.**

**No. 91–2464.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 7, 1992.

Decided Feb. 28, 1992.

Rehearing and Rehearing En Banc Denied April 10, 1992.

Thomas G. Dunnwald, Eagan, Minn., for appellant.

Andrew Dunne, Minneapolis, Minn., for appellee.

Before MAGILL, Circuit Judge, WELLFORD,* Senior Circuit Judge, and LOKEN, Circuit Judge.

MAGILL, Circuit Judge.

Henry Rufus Lloyd appeals the district court's[1] upward departure from the Sentencing Guidelines range when it sentenced him for unlawful possession of a firearm. We affirm.

I.

On July 10, 1990, Lloyd entered a convenience store with a loaded handgun under his mesh baseball cap. Store employees saw the gun and called the police. Although Lloyd left the store before an officer arrived, officers soon located Lloyd in front of a nearby apartment building and ordered him to lie face down. Lloyd did so, but reached towards a flower bed. An officer then found a loaded, semi-automatic handgun in the flower bed. Lloyd subsequently was indicted for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (1988). In exchange for the government seeking a two-point reduction in Lloyd's offense level for acceptance of responsibility and not moving for an upward departure in sentence, Lloyd pled guilty. At sentencing, the district court found that Lloyd had accepted responsibility and granted the two-point reduction. On its own motion, however, the district court departed upward from the Sentencing Guidelines range of twenty-one to twenty-seven months and sentenced Lloyd for sixty months. The court justified its departure by stating that Lloyd's criminal history category of V does not accurately represent his past criminal conduct, that Lloyd has demonstrated a willingness to use firearms in the commission of crimes in the past, and that Lloyd obviously has not been deterred in the use or possession of firearms. Tr. at 40–41. Lloyd now appeals this sentence, claiming that the district court erred in departing upward.

II.

When reviewing sentences that depart from the applicable Guidelines range, the court must consider: "(1) whether, as a question of law, the circumstances the district court relied on for departure are sufficiently unusual in kind or degree to warrant departure; (2) whether, as a question of fact, the circumstances justifying departure actually exist; and (3) whether the sentence is reasonable." *See, e.g., United States v. Gassler*, 943 F.2d 909, 911 (8th Cir.1991). We review part one of this test de novo. *Id.* We conclude that the circumstances the district court relied on were sufficiently unusual to justify departure. The Sentencing Guidelines expressly recognize that, at times, a criminal history category may not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes. United States Sentencing Commission, *Guidelines Manual*, § 4A1.3, p.s. (Nov.1991). Additionally, we find that neither the offense level nor Lloyd's criminal history category fully took into account his propensity to use a firearm—defendant previously had fired a gun at two individuals—and that defendant was apprehended because he had entered a convenience store with a loaded weapon. Eighth Circuit cases have upheld upward departures for similar reasons. *See Gassler*, 943 F.2d at 911 (upholding upward departure because previous convictions involved use or possession of firearms); *United States v. Thomas*, 914 F.2d 139, 144 (8th Cir.1990) (upholding upward departure because of the "assaultive na-

---

* THE HONORABLE HARRY W. WELLFORD, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

ture" of a prior conviction and the nature of the firearms possessed).

We review part two of the test under the clearly erroneous standard. We find no clear error in the district court's findings regarding Lloyd's past criminal conduct or the circumstances of his current offense. Finally, in light of these factors, we conclude that the sixty-month sentence was reasonable. *See Gassler*, 943 F.2d at 911 (departure to sixty months from range of thirty to thirty-seven months reasonable); *Thomas*, 914 F.2d at 143 (departure to sixty months from range of eight to fourteen months reasonable).

### III.

In conclusion, we affirm Lloyd's sixty-month sentence.