———————

No. 96-1356

———————

United States of America,                    *
                                             *
            Appellee,                        *
                                             *  Appeal from the United States
        v.                                   *  District Court for the
                                             *  District of Nebraska.
Manuel Reyes-Garcia,                         *
                                             *  **[UNPUBLISHED]**
            Appellant.                       *

———————

Submitted:  July 5, 1996

Filed:  July 30, 1996

———————

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

———————

PER CURIAM.

Manuel Reyes-Garcia appeals the 41-month sentence imposed by the district court[1] after a jury found him guilty of illegally re-entering the United States after deportation, in violation of 8 U.S.C. § 1326. We affirm.

Following his conviction, Reyes-Garcia consented to administrative deportation and at sentencing, Reyes-Garcia and the government sought a downward departure under U.S.S.G. § 5K2.0, p.s., on this ground. The district court denied a downward departure and departed upward, concluding that Reyes-Garcia's criminal history score did not adequately represent the seriousness of his criminal history, which included seven prior instances of

———————

[1]The HONORABLE WILLIAM G. CAMBRIDGE, Chief Judge, United States District Court for the District of Nebraska.

deportation without criminal conviction, three prior deportation convictions, and prior burglary and drug possession convictions while illegally in the United States. Because Reyes-Garcia was already in Criminal History Category VI, the court moved incrementally down the sentencing table and assessed a seven-month upward departure.

We reject Reyes-Garcia's contention that the district court erred by departing upward. The Guidelines expressly authorize departure when a defendant's criminal history is inadequately represented by his criminal history category. See U.S.S.G. §§ 4A1.3, p.s., and 2L1.2, comment. (n.2) (§ 4A1.3 upward departure may be warranted where defendant has repeated prior instances of deportation without criminal conviction). Reyes-Garcia has repeatedly violated the immigration laws, indicating a likelihood of committing future crimes, and he committed more serious crimes while illegally in the United States. The sentence is reasonable, well below the five-year statutory maximum for Reyes-Garcia's offense. See 8 U.S.C. § 1326. In these circumstances, the district court did not abuse its discretion in departing upward. See Koon v. United States, No. 94-1664, 64 U.S.L.W. 4512 (U.S. June 13, 1996) (standard of review); United States v. Thomas, 914 F.2d 139, 143-44 (8th Cir. 1990); United States v. Carey, 898 F.2d 642, 646 (8th Cir. 1990). Because the court properly exercised its discretion to depart upward, its decision not to grant a downward departure is not reviewable on appeal.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.