**UNITED STATES of America, Appellee,**

**v.**

**Seymour Joseph CASSEL, Appellant.**

**No. 81–1651.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 17, 1981.

Decided Jan. 14, 1982.

Rehearing and Rehearing En Banc
Denied Feb. 12, 1982.

Richard G. Sherman, Los Angeles, Cal., for defendant-appellant, Seymour Joseph Cassel.

Judith A. Whetstine, Asst. U. S. Atty., N. D. Iowa, Cedar Rapids, Iowa, for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

Seymour Cassel appeals from his convictions for conspiracy to possess cocaine with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 841, 846 and 18 U.S.C. § 2(a), and for using a telephone to facilitate the possession of cocaine with intent to distribute in violation of 21 U.S.C. § 843. We affirm.

Cassel was fined $15,000 and sentenced to five-years imprisonment, to be suspended on the condition that he be confined to a treatment center for six months and thereafter be placed on probation for four years on the conspiracy count, and was fined $10,000 and sentenced to a six-month term in a treatment center to be followed by four years of probation on the telephone count. The sentences are to run consecutively.

Cassel appeals, contending that the district court committed reversible error (1) by failing to give the defendant's requested jury instructions, and (2) by refusing to include certain questions requested by the defendant in the court's voir dire of prospective jurors.

As to Cassel's first contention, we have carefully reviewed the record and briefs, and find that the district court's refusal to give the requested instructions did not constitute reversible error.

Cassel's second contention presents more troublesome questions which require greater discussion. The district court conducted the jury voir dire. The defendant proposed a number of questions for prospective jurors which the trial judge refused to ask. The questions can be placed in three general categories:

(1) whether the venirepersons had some relationship with anyone in a law enforcement agency;[1]

(2) whether they, or any of their friends or family, had been a victim of a crime;[2] and

(3) whether they understood or were willing to accept the trial court's instructions regarding burden of proof and a variety of other propositions of law.[3]

The record is silent as to why the district court refused to ask the precise question in category (1). The district court indicated that it refused to ask the questions in category (2) because it had already covered the inquiry in substance in another form. Finally, the district court declined to ask the questions in category (3) on the ground that they would be covered in the jury instructions.

■ After reviewing the record, we are left with the view that the district court's failure to ask the proposed questions was unjustified. While a busy trial judge can always consider the factor of time in determining how to conduct voir dire; here, the defendant's proposed questions could have been asked in a reasonably short period. Moreover, the questions might have aided Cassel in exercising his peremptory and for cause challenges.

The question remains, however, as to whether the district court's voir dire was so inadequate as to deny the defendant a fair trial. "Voir dire plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored." *Rosales-Lopez v. United States,* 451 U.S. 182, 188, 101 S.Ct. 1629, 1634, 68 L.Ed. 22, 28 (1981). Without an adequate voir dire, the trial

---

1.   1. Are any of you friendly, associated, or related to any one in the prosecutor's office, the police department, or any law enforcement agency?

2.   [1]   Have any of you ever been the victim of a crime, and if so, what was the crime?
     [2]   Have any members of your family or close friends ever been the victim of a crime, and if so, what was the crime?
     [3]   Have you or any members of your families ever been the complaining witnesses in a criminal case, and if so, with what crime was the defendant charged?

3.   For example, the defendant requested that the trial court ask the following questions:
     [1]   Do you understand that all the elements of the crime charged must be proved beyond a reasonable doubt, and that if one element is not proven beyond a reasonable doubt, would you then vote not guilty?
          *   *   *   *   *   *
     [2]   You understand, do you not, that the burden of proving the defendant guilty be-

yond a reasonable doubt rests with the prosecution, and that the accused need not introduce any evidence whatsoever?
          *   *   *   *   *   *
     [3]   You understand of course, that an impartial trial by an unbiased jury is a constitutional guarantee no matter what the charges are against the defendant?
     [4]   Do you realize that you are bound to reach a verdict solely on the evidence introduced during the trial?
          *   *   *   *   *   *
     [5]   Do you understand that the comments of the United States attorney and defense counsel are not evidence in this case?
          *   *   *   *   *   *
     [6]   Do you understand that you must accept the law in this case as presented to you by the Judge?
     In total, the defendant requested that the trial court ask fifteen such questions regarding legal propositions.

judge cannot fulfill his duty to remove prospective jurors who will not be able to impartially follow the court's instructions and evaluate the evidence. *Id.* Moreover, a careful voir dire is necessary to solicit sufficient information to permit a defendant to intelligently exercise his peremptory challenges, as well as his challenges for cause. *Id.; United States v. Barnes,* 604 F.2d 121, 142 (2d Cir. 1979), *cert. denied,* 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980).

■ Notwithstanding the importance of voir dire, federal judges are accorded substantial discretion in determining how best to conduct voir dire. *Rosales-Lopez v. United States, supra,* 451 U.S. at 188–91, 101 S.Ct. at 1634–35, 68 L.Ed. at 28–29; *United States v. Bowman,* 602 F.2d 160, 165 (8th Cir. 1979). This discretion, however, is not unlimited. It must be exercised consistent with "the essential demands of fairness." *E.g., Aldridge v. United States,* 283 U.S. 308, 310, 51 S.Ct. 470, 471, 75 L.Ed. 1054 (1931); *United States v. Delval,* 600 F.2d 1098, 1102 (5th Cir. 1979).

■ The district court has a duty to ensure that the defendant receives a fair trial. *United States v. Poludniak,* 657 F.2d 948, 957 (8th Cir. 1981). To comply with this duty, the district court's voir dire must "have created 'a reasonable assurance that prejudice could be discovered if present.'" *United States v. Delval, supra,* 600 F.2d at 1102–1103. In other words, "the central inquiry is whether the district judge's 'overall examination, coupled with his charge to the jury, affords a party the protection sought.'" *Id.*

We recognize that there is no set formula for determining when a district court's voir dire is constitutionally deficient. But several factors present here convince us that the district court's voir dire was not so inadequate as to violate the Constitution. First, the district court asked a question with respect to law enforcement officers

that was similar to defendant's proposed question in category (1). The court inquired: "Have you or any members of your immediate families ever served as law enforcement officers? This would mean members of police force, sheriff's department, deputies, any type of law enforcement. FBI, whatever it might be." Second, after the defense counsel objected to the court's failure to ask the proposed questions in category (2), the court stated: "Have any of you ever been a victim of a crime? Have any of you, or members of your immediate family, ever been a complaining witness in a criminal case?" While it is not entirely clear that this statement was addressed to the jury as a question, it was made in the presence of the jury and the jury had some opportunity to respond. Third, Cassel has not demonstrated that his proposed questions related to specific issues or circumstances in this case. *Compare United States v. Dellinger,* 472 F.2d 340, 367–370 (7th Cir. 1972), *cert. denied,* 410 U.S. 970, 93 S.Ct. 1443, 35 L.Ed.2d 706 (1973) (In "Chicago 7" trial, the district court erred by not asking questions that would have elicited a prospective juror's attitude toward public protest against the Vietnam War, long hair, lifestyles different than their own, policemen and so forth.). Fourth, the defendant does not point to any specific prejudice that the proposed questions might have uncovered.[4] *See United States v. Delval, supra,* 600 F.2d at 1103 (No reversible error in district court's voir dire.). Finally, the district court's jury instructions covered at least the substance of defendant's proposed questions in category (3). *See Jacobs v. Redman,* 616 F.2d 1251, 1255–1256 (3d Cir.), *cert. denied,* 446 U.S. 944, 100 S.Ct. 2170, 64 L.Ed.2d 799 (1980) (No reversible error in district court's voir dire.).

The judgment of the district court is, therefore, affirmed.

---

**4.** While the existence or nonexistence of actual juror bias is relevant to the question of whether the court's voir dire prejudiced the defendant, a defendant need not necessarily show that members of the jury were in fact prejudiced to establish a constitutional violation. *United States v. Dellinger,* 472 F.2d 340, 367 (7th Cir. 1972).