# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2357

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Kevin Taylor, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  January 11, 2000

Filed:   March 16, 2000

_____

Before  WOLLMAN,  Chief Judge,  FLOYD R.  GIBSON  and  MURPHY,  Circuit
Judges.

_____

FLOYD R. GIBSON, Circuit Judge.

A jury convicted Kevin Taylor of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (a)(1) and 18 U.S.C. § 2 (1994).  The district court[1] sentenced him to a term of one hundred and ninety months imprisonment and eight years supervised release.  Taylor appeals, and we affirm.

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

I.

For reversal, Taylor argues, first, that the district court erred in denying his challenge for cause to a prospective juror. We review decisions denying challenges for cause for an abuse of discretion. See United States v. Amerson, 938 F.2d 116, 118 (8th Cir. 1991).

During voir dire, the venire was asked: "Is there anyone here who personally, or had a close family member or close friend, who has been treated for drug addiction or alcohol abuse?" Voir Dire Tr. at 64. In response venireperson Miller stated that her grandson was serving a prison term for a drug related conviction. When asked if she could nevertheless be fair and impartial during Taylor's drug trial, she responded, "I'm not sure I could, because I am strictly against drugs, anything affiliated with it." See id. The district court denied Taylor's challenge for cause. Taylor subsequently exercised a peremptory challenge to remove venireperson Miller from the panel. Taylor contends that this was an abridgement of his right to freely exercise his peremptory challenges warranting reversal. We disagree.

We assume without deciding that the district court erred in denying Taylor's challenge for cause. Nonetheless, Taylor presents no ground for reversal as Miller did not ultimately sit on his jury panel. We will not reverse the district court absent a showing of bias on the final jury impaneled. "[A] defendant's exercise of peremptory challenges pursuant to Rule 24(b) is not denied or impaired when the defendant chooses to use a peremptory challenge to remove a juror who should have been excused for cause." United States v. Martinez-Salazar, – U.S.– , 120 S.Ct. 774, 782 (2000). See also United States v. Sithithongtham, 192 F. 3d 1119, 1122-24 (1999); United States v. Gibson, 105 F.3d 1229, 1233 (8th Cir. 1997); United States v. Horseman, 114 F.3d 822, 825 (8th Cir. 1997); United States v. Cruz, 993 F.2d 164, 168-69 (8th Cir. 1993)(citing Ross v. Oklahoma, 487 U.S. 81, 85-6, (1988)).

Taylor claims no bias with respect to the jury panel ultimately rendering his conviction. Nor has he made any assertion that the district court deliberately misapplied the law in denying his challenge for cause in order to deprive him of a peremptory challenge. See Martinez-Salazar, – U.S. –, 120 S.Ct. at 782 (suggesting that such a circumstance may warrant reversal). Therefore, as Taylor has failed to establish prejudice from the denial of his challenge for cause, we affirm.

II.

Next, Taylor argues that the district court erred in imposing a two-level adjustment to his base offense level for obstruction of justice, pursuant to U.S.S.G § 3C1.1, for committing perjury at trial. We review a district court's factual findings in support of a § 3C1.1 enhancement for clear error. See United States v. Thomas, 93 F.3d 479, 489 (8th Cir. 1996).

A witness commits perjury "if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). In assessing an enhancement under § 3C1.1 for perjury, "[t]he district court must review the evidence and make [an] independent finding, by a preponderance of the evidence, of perjury in order to impose a sentence enhancement for obstruction of justice." Thomas, 93 F.3d at 489. "[I]t is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." See Dunnigan, 507 U.S. at 95.

In this case, the district court provided separate and clear findings that Taylor's trial testimony, wherein he denied knowing that cocaine was in his vehicle, was both false and material. See Sent. Tr. at 26. Indeed, the trial court's conclusion is not only supported by, but is implicit in, the jury's finding of guilt for knowing possession of cocaine.

However, Taylor assigns error to the district court's failure to make a specific finding of willfulness regarding his perjurious testimony.[2]   While we agree that an overt willfulness finding would have been preferable, its omission is a failure in form alone, insufficient to warrant remand.  See United States v. Lambros, 65 F.3d 698, 702 (upholding § 3C1.1 enhancement for perjury even in absence of specific willfulness finding).  After careful review of the record we have no trouble concluding that Taylor's false trial testimony was the product of calculation.   As such, we conclude that the district court did not clearly err in assessing a two-level enhancement under § 3C1.1 for obstruction of justice.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]While not specifically employing the term 'willful', the district court implied a finding of willfulness.  With respect to Taylor's testimony denying certain post-Miranda admissions, the court stated, "I find that the impression left with the jury was intentionally false and therefore proper for an obstruction of justice enhancement. . . ." Sent. Tr. at 28-9.