# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1378WM

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * On Appeal from the United |
| v. | * States District Court |
| | * for the Western District of |
| | * Missouri. |
| Samuel Sterling Shepard, | * |
| | * |
| Appellant. | * |

_____

Submitted: January 11, 2000
Filed: March 24, 2000

_____

Before RICHARD S. ARNOLD, FAGG, and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Samuel Sterling Shepard was convicted on his plea of guilty to being a felon in possession of a firearm. The District Court[1] sentenced him to 51 months (four years and three months) in prison, and he appeals. Mr. Shepard urges a variety of arguments in support of a reduction of sentence, but we affirm, holding that the District Court made no errors of law, and that its findings of fact were not clearly erroneous.

---

[1]The Hon. D. Brook Bartlett, late the Chief Judge, United States District Court for the Western District of Missouri.

We believe that a brief summary of the contentions on appeal, and of our reasons for rejecting them, will be sufficient.[2]

1.      The District Court found as a fact, after a two-day sentencing hearing, that Mr. Shepard had possessed five firearms.  Possession of five to seven guns results, under the relevant Guideline, in a two-level increase in the offense level.  Mr. Shepard contends that the evidence supported the finding only as to four of the guns, and that, therefore, he should have received only a one-level increase.  The gun in question is referred to by the parties as "the Franchi shotgun."  There was evidence that Mr. Shepard had told a bail bondsman that he owned this gun.  The District Court evidently believed this evidence, and its finding is not clearly erroneous.

2.      Mr. Shepard's offense level was also increased for willful obstruction of justice.  The government contended that he had attempted to persuade his former girlfriend and his estranged wife not to speak to investigating agents.  Mr. Shepard argues, to the contrary, that his only intention was to arrange to see his children, and to make sure that his former girlfriend, who he says he believed was herself under investigation, would not talk to an agent before consulting counsel.  These points depend on the interpretation of notes made of telephone conversations with Mr. Shepard.  We hold that the interpretation placed on these notes by the District Court was reasonable. Perhaps the benign interpretation urged by Mr. Shepard would

---

[2]The plea agreement that Mr. Shepard signed contained a waiver of his right to appeal his sentence, so long as the sentence was within the Guidelines range indicated in the agreement.  That range was 46 to 57 months.  The sentence, accordingly, was within the range, and the government contends that Mr. Shepard has therefore waived his right to appeal.  At the sentencing hearing, however, the District Court told Mr. Shepard that he could appeal his sentence if he thought there was anything illegal about it.  In these circumstances, we assume without deciding that the plea agreement does not bar the appeal.  We choose to decide the case on the merits, instead.

also have been reasonable, but the finding made on these issues by the District Court is not clearly erroneous.

3.      The defendant asked the Court to depart downward from the Guidelines range on the basis of two factors which, he contended, were present to an extraordinary degree.  Criminal History Category III, he argues, greatly overstated the seriousness of his criminal record.  Moreover, he urges that his commission of the crime was caused or influenced by mental illness.  The District Court refused to depart downward on the basis of these factors, considered either singly or in combination.  We have no jurisdiction to review this decision unless the Court was unaware of its authority to depart downward and declined to do so for that reason.  We are unable to agree that the experienced district judge was unaware of his authority.  Instead, in our view, he simply declined to exercise his discretion in Mr. Shepard's favor for the reasons suggested.  We therefore have no jurisdiction to review this point.  We observe, in addition, that we see nothing unreasonable, or amounting to abuse of discretion, in what the District Court did.

4.      At the sentencing hearing the District Court mentioned that Mr. Shepard's mother was afraid of him.  This statement, which was based on a passage in the Presentence Report, is contested by appellant.  He says, in particular, that he was not given a fair chance to contest this issue as a matter of fact.  We do not believe that this particular comment by the Court indicates that the Court would have imposed a more lenient sentence had it not been of the view that Mr. Shepard's family was afraid of him.  The sentence imposed was slightly below the midpoint of the Guidelines range. In addition, the appellant's reply brief takes the position that resentencing would not be appropriate on this basis alone, and simply asks for an opportunity to contest what he claims to be erroneous factual assertions in the Presentence Report if the case should be remanded for resentencing for other reasons.  It is not being remanded for resentencing, so we need not pursue this issue.

We wish to thank Mr. Shepard's appointed counsel in this Court for a thorough and professional job in support of his client's appeal.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.