# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1234

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Kenneth Allen Norris, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 2, 2001
Filed: October 10, 2001

_____

Before BYE, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

PER CURIAM.

Kenneth Allen Norris appeals the 63-month sentence he received upon his plea of guilty to one count of conspiring to launder money, in violation of 18 U.S.C. § 1956(h). On appeal, counsel has moved to withdraw and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he argues that the government induced Norris to plead guilty by orally promising to file a U.S.S.G. § 5K1.1 motion, and that its decision not to do so breached the promise and was irrational and made in bad faith because the government's decision was based on grand jury testimony Norris had given in an unrelated case. Counsel asks that we remand the case for an evidentiary hearing on this issue. Norris has filed a pro se brief in which he contends

that the district court[1] erred by not making a specific finding that he willfully obstructed justice before imposing a U.S.S.G. § 3C1.1 enhancement, that the evidence does not support the enhancement, and that the government violated 21 U.S.C. § 851 by failing to notify him of its intent to enhance his sentence. We reject each of these arguments and affirm.

Norris's plea agreement specifically preserved the government's discretion to determine whether Norris had provided substantial assistance, and made the government the sole arbiter of whether he would receive a section 5K1.1 motion. See United States v. Romsey, 975 F.2d 556, 558 (8th Cir. 1992). Norris did not limit his agreement to provide grand jury testimony to matters involving only the instant offense, and he has failed to show that the government's decision not to file a section 5K1.1 motion was irrational or motivated by bad faith, or was based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992). We do not address Norris's contention that he was induced into pleading guilty by the government's oral promise of a section 5K1.1 motion, because Norris did not assert this argument below, see United States v. Torres, 258 F.3d 791, 793 n.4 (8th Cir. 2001), and in any event his plea agreement and plea-hearing representations negate such a claim.

We also reject Norris's contention that the district court failed to make a finding as to whether he willfully obstructed justice. The district court found that Norris had verbally threatened potential witnesses, and implicit within this determination was the court's finding that Norris willfully obstructed justice. See United States v. Taylor, 207 F.3d 452, 455 n.2 (8th Cir. 2000). The finding was supported by the testimony of a police officer and a Federal Bureau of Investigation agent who testified that two potential witnesses reported being threatened by Norris. See U.S.S.G. § 6A1.3(a), p.s.; United States v. Martinez, 234 F.3d 1047, 1048 (8th

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Cir. 2000). This was enough to support the section 3C1.1 enhancement. <u>See</u> U.S.S.G. § 3C1.1, comment. (n.4); <u>United States v. Shepard</u>, 207 F.3d 455, 457 (8th Cir. 2000) (defendant obstructed justice by attempting to persuade former girlfriend not to speak to investigating agents).

Norris's related contention concerning section 851 is meritless, and after reviewing the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no other nonfrivolous issues.

Accordingly, we affirm and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.