**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carl M. WASHINGTON, Defendant–
Appellant.**

No. 01–3651.

United States Court of Appeals,
Seventh Circuit.

Argued April 24, 2002.

Decided May 3, 2002.

Before COFFEY, KANNE, and EVANS, Circuit Judges.

ORDER

Carl M. Washington pleaded guilty to one count of bank robbery, 18 U.S.C. § 2113(a), and was sentenced to 76 months imprisonment (25 months concurrent with, and 51 months consecutive to, his sentence for a different bank robbery), three years of supervised release, a $100 special assessment, and $6460 in restitution. He appeals, challenging a two-level increase in his offense level for obstruction of justice based on perjury. *See* U.S.S.G. § 3C1.1. We affirm.

In September 1999 Washington robbed the South Side Bank and Trust in Peoria, Illinois. A grand jury returned a one-count indictment charging him with bank robbery in violation of § 2113(a). In May 2001 he pleaded guilty without a plea agreement. The district court accepted his guilty plea.

At sentencing Washington offered the same version of events he described at his change-of-plea hearing. According to Washington, he approached the bank teller, handed her a bag, and asked for the money behind the counter. He believed that the bank's policy in this situation would be to give him the money. He further explained that he instructed the teller to smile at him and to treat him like a regular customer. He asserted that he did not have a weapon, did not threaten the teller, and did not make any gestures or otherwise indicate that he had a weapon. When asked by his counsel whether he was certain that this was what had happened, he said, "yes." During cross-examination he admitted that he was not drunk or on drugs during the robbery.

The bank teller, Kim Swanson, testified at the sentencing hearing and contradicted Washington's testimony. According to Swanson, Washington told her to give him the money or he would "put a cap in [her] ass." She also testified that Washington "said more than once he would kill me if I did not do what he instructed," and gestured by pulling out his pants to indicate that he had a gun. Finally, she testified that she never saw a weapon and that she did not remember Washington giving her a bag and thought he put the money in his pants.

The government explained that the videotape from the bank's security camera was unavailable, but provided a still photograph of Washington at the teller's counter during the robbery. The photograph shows Washington handing a bag to Swanson. On cross-examination Swanson agreed that the photograph shows a bag but reiterated that she still did not remember being handed a bag during the robbery.

In her presentence investigation report (PSR), the probation officer recommended a two-level increase in Washington's offense level based on an express threat of death, *see* U.S.S.G. § 2B3.1(b)(2)(F); a two-level increase based on obstruction of justice for testifying that he did not make such a threat, *see* § 3C1.1; and no decrease for acceptance of responsibility because Washington refused to discuss the events leading up to the robbery or others involved in the crime, *see* § 3E1.1. Washington objected to each recommendation at the sentencing hearing, but the district court accepted all three.

With regard to the increase for a threat of death, the district court found the teller's testimony "more credible" and concluded:

I believe that the defendant did say to the teller that he will put a cap in her ass, and that by itself I think was enough to constitute a threat of death. And it's probably true that he said—that he used the word "kill."

Turning to the obstruction increase, the court concluded that, "since the defendant has denied making the statement, the court will adopt the probation officer's position. I think he did make the statement." Finally, the court denied the decrease for acceptance of responsibility because Washington refused to discuss others involved in the crime. The court calculated Washington's total offense level at 26, with a criminal history category of II, yielding an imprisonment range of 70 to 87 months.

On appeal Washington argues that the district court did not make sufficient findings to support the two-level increase for obstruction of justice. We note that the increase affected Washington's sentence: he received a 76–month sentence, and without the increase his offense level would have been 24, which would have put him in an imprisonment range of 57 to 71 months. In reviewing obstruction-of-justice upward adjustments based on perjury, this court reviews legal conclusions de novo and factual findings for clear error. *United States v. Carrera,* 259 F.3d 818, 831 (7th Cir.2001).

Perjury can provide a basis for an increase in offense level for obstruction of justice, *see* U.S.S.G. § 3C1.1, comment. (n.2), but not every instance of false testimony warrants an increase, *see United States v. Dunnigan,* 507 U.S. 87, 94–95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). In order to ensure that the increase is not mechanically applied to all defendants who testify, district courts "must review the evidence and make independent findings necessary to establish" obstruction of jus-

tice. *Id.* at 95, 113 S.Ct. 1111. Specifically, courts must find that particular statements are (1) false; (2) material; and (3) made with the willful intent to obstruct justice rather than the result of confusion, mistake, or faulty memory. *Id.* at 94, 113 S.Ct. 1111. The Court emphasized that while it is preferable for the district court to address each of these elements separately, a determination is sufficient if the court makes a finding "that encompasses all of the factual predicates for a finding of perjury." *Id.* at 95, 113 S.Ct. 1111.

We have affirmed obstruction-of-justice increases based on perjury when the district court's findings implicitly encompass the three *Dunnigan* requirements. *See Carrera,* 259 F.3d at 830–32; *United States v. Hickok,* 77 F.3d 992, 1008 (7th Cir.1996). In *Carrera,* 259 F.3d at 831–32, we affirmed an application of the increase after the district court found that the defendant had been "untruthful" at trial when he denied matters that agents testified he admitted in a post-arrest statement. The district court failed to enumerate the particular false statements, and failed to expressly discuss the materiality and intent elements. *See id.* Still, we concluded that the finding encompassed all three elements because: from the context it was apparent that the court was referring to the defendant's testimony concerning matters addressed in the agents' account of his post-arrest statement; the defendant's version could not be reconciled with the agents'; and the defendant never argued that his inconsistent testimony was the result of confusion, mistake, or faulty memory. *See id.*

Likewise, in *Hickok,* 77 F.3d at 1008, we affirmed a finding of obstruction of justice even though the district court made no explicit finding of willful intent because such a finding was "implicit in the judge's ruling" that "there were at least five in-

stances of false statements made by the defendant," *id.* at 1001. The district court identified the false statements, why he found them to be untrue, and that they were material. *See id.* at 1008. In concluding that these findings satisfied *Dunnigan*, we noted that nothing in the record suggested that the false statements were not deliberate and willful. *Id.* (explaining that separate findings are not necessary if the court determines that the defendant lied about matters "crucial to the question of his guilt" (*quoting United States v. Mustread*, 42 F.3d 1097, 1105 (7th Cir. 1994))); *see also United States v. Taylor*, 207 F.3d 452, 455 (8th Cir.2000) (lack of an overt willfulness finding "is a failure in form alone, insufficient to warrant remand").

In this case, the district court concluded that Washington did in fact threaten the bank teller and that therefore his denial of the threat was false. The court based this finding on its assessment that the teller's contrary testimony was more reliable. District court credibility determinations are rarely "clearly erroneous," *see Anderson v. City of Bessemer City*, 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Hickok*, 77 F.3d at 1006, and—despite the teller's failure to recall whether or not Washington used a bag during the robbery—nothing in the record suggests that the district court committed clear error in believing the teller rather than Washington.

Moreover, the materiality and willfulness of Washington's false testimony were apparent from its context. The false statement concerned whether or not Washington made an express threat of death—this fact went directly to the sentencing increase the court considered just before it discussed the obstruction-of-justice increase. Because the statement went to an issue that directly affected his sentence, it was clearly material to the case. *See Carrera*, 259 F.3d at 832 (materiality evident from context). Likewise, the willfulness of Washington's denial was apparent from its context. First, he repeated the same sequence of events at both his change-of-plea and sentencing hearings. Second, Washington had a lot at stake in denying the threat: a two-point increase for the threat and a two-point increase for lying about it. Third, at the sentencing hearing his counsel asked him whether he was "certain" as to what occurred, and he answered in the affirmative. Finally, on cross-examination, he denied that he was drunk or high at the time of the robbery. These circumstances all suggest that implicit in the district court's findings is that Washington's denial was made with willful intent rather than the result of mistake, confusion, or faulty memory. *See Hickok*, 77 F.3d at 1008. Moreover, Washington does not point to anything in the record that suggests that his testimony was the result of confusion, mistake, or faulty memory. *See id.*

Accordingly, the district court's judgment is AFFIRMED.