**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Thomas Reginald PRITCHARD,
Defendant–Appellant.**

No. 91–3717.

United States Court of Appeals,
Eleventh Circuit.

Sept. 25, 1992.

---

Michael S. Teal, Philip Partridge, Deland, Fla., for defendant-appellant.

Robert W. Genzman, U.S. Atty., Orlando, Fla., Daniel N. Brodersen, Thomas W. Turner, Tamra Phipps, Asst. U.S. Attys., Tampa, Fla., for plaintiff-appellee.

Before ANDERSON, Circuit Judge, JOHNSON and BOWNES *, Senior Circuit Judges.

ANDERSON, Circuit Judge:

Appellant, Thomas R. Pritchard, was convicted by a jury of conspiracy and bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 371. On appeal, he argues that the district court abused its discretion by allowing the government to introduce evidence of a thirteen-year-old burglary conviction pursuant to Fed.R.Evid. 609(b). For the reasons that follow, we affirm his convictions.[1]

## I. FACTS AND PROCEEDINGS BELOW

On January 30, 1991, a lone male robber wearing a baseball cap and dark sunglasses robbed the Barnett Bank in Debary, Florida. The robber displayed a Mauser-type pistol and stated that he had a bomb in his car. Charles Denault, a bank customer, followed the robber outside and saw him depart in a white hatchback vehicle with black louvers on the rear window. Approximately forty minutes later, Investigator Gregory Arthur of the Volusia County Sheriff's Department located a car matching the description of the robbery vehicle sitting outside Pritchard's house, about four blocks from the bank. The hood was raised, and the car had a "For Sale" sign in the window. The investigator felt the engine, which was hot to the touch. The vehicle, a 1980 Celica, belonged to Pritchard's sister.

---

* Honorable Hugh H. Bownes, Senior U.S. Circuit Judge for the First Circuit, sitting by designation.

1. Pritchard also argues that the district court committed another evidentiary error. However, there was no objection at trial. We conclude that there was no plain error, and Pritchard's argument to the contrary is without merit and warrants no discussion.

Pritchard came running out of the house and asked Arthur why he was looking at the car. Arthur asked Pritchard if the car had been driven recently; Pritchard answered that it had not. When Arthur asked him why the motor was so hot, Pritchard said that he had been idling the motor ten minutes previously. Another officer brought Mr. Denault, who said that the car looked like the one he had seen leave the bank following the robbery, but that Pritchard was not the person he had seen leaving the bank. The officers left without arresting Pritchard.

Robert Keith Abel, who admitted committing the robbery, testified that he had planned the robbery with Pritchard the day before and the morning of the robbery. Abel stated that Pritchard had provided him with a Mauser-type pistol and a home-made bomb that may have been a fake. On the afternoon of the robbery, Abel drove Pritchard's sister's white Celica to the bank, and Pritchard drove his wife's 1984 Isuzu Impulse. Pritchard parked in front of the bank, remaining in his car to watch for police cars, while Abel parked behind the bank, went inside, and committed the robbery. After the robbery, the two men drove back to Pritchard's house. Abel was hiding in the laundry room with the money when the officer came and talked with Pritchard about the vehicle and the hot motor. Thereafter, Abel and Pritchard divided the money.

The next day, Abel gave his parents $1,000 of the robbery proceeds and flew to Ohio. Abel's mother testified that on the day before the robbery, Abel had borrowed her bicycle and ridden over to Pritchard's house. On the day after the robbery, her husband took Abel to Pritchard's house to retrieve the bicycle. At that time, Abel gave them the money. She was suspicious because she knew that Abel had had only $13 the day before. Shortly afterwards, she saw the bank's surveillance pictures of her son in the newspaper. She alerted the authorities and gave the police the $1,000 that Abel had given her. A few days later, Abel returned from Ohio and asked her for the $1,000. She told him that she had given the money to the police and told them of his apparent involvement in the robbery, and urged him to turn himself in to the F.B.I. Abel called the F.B.I.; while waiting for them to arrive, he admitted to his mother that he had robbed the bank and told her about Pritchard's role in the crime. Abel later confessed to the F.B.I. and to officers from the Volusia County Sheriff's Department.

On February 22, 1991, a complaint was filed charging Pritchard and Abel with the robbery. On March 6, 1991, a federal grand jury in the Middle District of Florida charged Pritchard and Abel with conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371, and bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. Prior to trial, Abel pled guilty to both counts and agreed to testify against Pritchard, in exchange for the government's promise that it would not oppose a downward departure under the federal sentencing guidelines, and that it would not oppose the sentence being made to run concurrently with a forty-five year sentence imposed on Abel for a state robbery conviction in Ohio.

On May 6, 1991, the trial commenced. Just before jury selection, Pritchard filed a motion in limine, requesting that the court prohibit the government from making any reference to or introducing any evidence concerning Pritchard's prior criminal record, pursuant to Fed.R.Evid. 609.[2]

2. Fed.R.Evid. 609 provides:
 (a) General rule. For the purpose of attacking the credibility of a witness,
 (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted, if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
 (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
 (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the

Shortly thereafter, the government filed a notice of intent to rely on convictions outside the ten-year limit, stating that if Pritchard chose to testify, it intended to introduce, for impeachment purposes, evidence of a 1975 felony narcotics conviction, a 1975 petty larceny conviction, and a 1978 felony burglary conviction.[3] At the conclusion of the government's case, the court held a hearing on the motion in limine. The district court ruled that the government could introduce the 1978 burglary conviction.[4]

Pritchard testified, denied any involvement in the robbery, and stated that, while he had known Abel for seven or eight years, he had not seen him between January 28 and January 30, 1991, the day of the robbery. He stated that the 1980 Toyota Celica on his property belonged to his sister, and that it had not been driven that day, because he had installed a fuel pump in it. He said that he had idled the engine shortly before the investigator from the Sheriff's Department arrived, which was why the engine was hot to the touch. He further testified that he had not permitted Abel to drive his sister's Celica that day, had not provided Abel with a pistol or a bomb, and had never owned a gun. He admitted on direct examination that he had a prior burglary conviction in 1977 or 1978, but had no felony convictions since then.

On May 7, the jury found Pritchard guilty on both counts of the indictment. This appeal followed.

## II. DISCUSSION

 The standard for review of a district court's decision to admit evidence of prior convictions pursuant to Rule 609 is abuse of discretion. *United States v. Tisdale*, 817 F.2d 1552, 1555 (11th Cir.), *cert. denied*, 484 U.S. 868, 108 S.Ct. 194, 98 L.Ed.2d 145 (1987); *United States v. Cathey*, 591 F.2d 268, 274 (5th Cir.1979).[5] Rule 609(b) of the Federal Rules of Evidence prohibits the admission of evidence of past convictions for impeachment purposes if the convictions are more than ten years old, "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." In this circuit, there is a presumption against the use of prior crime impeachment evidence over ten years old; such convictions "will be admitted very rarely and only in exceptional circumstances." *Tisdale*, 817 F.2d at 1555, *Cathey*, 591 F.2d at 275. The danger in admitting stale convictions is that while their remoteness limits their probative value, their prejudicial effect remains. "The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged." *United States v. Beahm*, 664 F.2d 414, 418–19 (4th Cir.1981).

In *United States v. Sloman*, 909 F.2d 176, 181 (6th Cir.1990), the Sixth Circuit listed several relevant factors to be con-

---

witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

3. Pritchard argues that he did not receive sufficient notice of the government's intention to use his conviction at trial, as Rule 609(b) requires. However, when the government announced its

intention to use the conviction, the district court offered Pritchard a continuance, which he declined. We conclude that Pritchard thereby waived any objection to the sufficiency of the notice he received.

4. The prosecutor stated that he was only able to obtain a copy of the judgment and sentence of the court for the 1978 burglary conviction, and that the 1975 petty larceny conviction was a misdemeanor. Thus, the district court only considered whether to admit the 1978 burglary conviction.

5. This case was decided prior to the close of business on September 30, 1981, and is binding precedent under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

sidered when deciding whether to admit evidence pursuant to Rule 609(b):

1. The impeachment value of the prior crime;

2. The point in time of the conviction and the witness' subsequent history;

3. The similarity between the past crime and the charged crime;

4. The importance of the defendant's testimony;

5. The centrality of the credibility issue.

Before admitting Pritchard's conviction, the district court considered these factors and determined that the probative value of the conviction outweighed the possible prejudice to Pritchard, because Pritchard's credibility was a key issue. We agree.

■ Although the circumstantial evidence was strong, the only direct witness against Pritchard was Robert Abel, a convicted felon who had pleaded guilty to the robbery and was cooperating with the government. The crux of this case was a credibility issue, i.e. the credibility of Abel versus that of Pritchard. The jury had before it the criminal record of Abel. Thus, Pritchard's criminal record, or the absence thereof, took on special significance. *See United States v. Brown,* 603 F.2d 1022 (1st Cir.1979). We conclude that

the district court correctly saw the credibility of Pritchard's own testimony as vital.[6]

Another important factor to consider is the government's need for the impeaching evidence. *United States v. Cathey,* 591 F.2d at 276. In this case, the government's need was substantial. Pritchard had no convictions within the ten years before the trial; the burglary conviction was not merely cumulative of other impeachment evidence. While the burglary conviction was more than ten years old, it was only thirteen years old. Pritchard was twenty-two when convicted of burglary, well past juvenile status. The district court noted that the burglary conviction was somewhat similar to the robbery with which Pritchard was charged. However, we believe that the prior burglary was not so similar to the charged robbery that it created an unacceptable risk that the jury would improperly consider the burglary as evidence that Pritchard committed the robbery.[7]

## III. CONCLUSION

After examining the district court's balancing of the factors for and against the admission of Pritchard's burglary conviction, and in light of all the circumstances, we cannot conclude that the district court's

---

**6.** Other courts to address this issue have emphasized the importance of the credibility factor when the defendant's testimony is pitted against that of the government witnesses. *See United States v. Brown,* 956 F.2d 782 (8th Cir.1992); *United States v. Maichle,* 861 F.2d 178 (8th Cir. 1988); *United States v. Holmes,* 822 F.2d 802 (8th Cir.1987); *United States v. Murray,* 751 F.2d 1528 (9th Cir.), *cert. denied,* 474 U.S. 979, 106 S.Ct. 381, 88 L.Ed.2d 335 (1985); *United States v. Gilbert,* 668 F.2d 94 (2nd Cir.1981), *cert. denied,* 456 U.S. 946, 102 S.Ct. 2014, 72 L.Ed.2d 469 (1982); *United States v. Spero,* 625 F.2d 779 (8th Cir.1980); *United States v. Brown,* 603 F.2d 1022 (1st Cir.1979).

This circuit does not consider burglary a crime involving dishonesty or false statement, admissible under Rule 609(a)(2). *United States v. Sellers,* 906 F.2d 597, 603 (11th Cir.1990). However, the fact that a defendant has committed a burglary is relevant to the determination of whether he is likely to be truthful under oath. *United States v. Brown,* 603 F.2d at 1029.

**7.** Other courts to consider this question have also, in appropriate cases, permitted the introduction of convictions that were more than ten

years old. *See United States v. Callaway,* 938 F.2d 907 (8th Cir.1991) (19–year–old grand larceny conviction); *United States v. Murray,* 751 F.2d 1528 (9th Cir.) (18–year–old conviction for receiving stolen property), *cert. denied,* 474 U.S. 979, 106 S.Ct. 381, 88 L.Ed.2d 335 (1985); *United States v. Spero,* 625 F.2d 779 (8th Cir.1980) (22–year–old grand theft conviction); *United States v. Brown,* 603 F.2d 1022 (1st Cir.1979) (burglary and petty larceny convictions from 15 to 19 years old).

The cases that have held the admission of stale convictions to be an abuse of discretion have often involved a previous crime of a heinous nature, or of extreme age, or have lacked any special circumstances justifying the admission of the conviction. *See United States v. Cathey, supra,* (conviction cumulative of other impeachment evidence); *United States v. Beahm,* 664 F.2d 414 (4th Cir.1981) (11–year–old sodomy conviction); *United States v. Cavender,* 578 F.2d 528 (4th Cir.1978) (25–year–old sodomy conviction); *United States v. Shapiro,* 565 F.2d 479 (7th Cir.1977) (38–year–old bankruptcy fraud and 24–year–old income tax evasion convictions).

**910**

decision to admit the evidence was an abuse of discretion.

AFFIRMED.