[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 09, 2010
JOHN LEY
ACTING CLERK

_____

No. 09-10998
Non-Argument Calendar

_____

D. C. Docket No. 07-00112-CR-J-33-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER B. LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 9, 2010)

Before CARNES, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Walter Lewis appeals his conviction by a jury of one count of conspiracy to

possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Before trial the prosecution gave notice that, if Lewis chose to testify, it would impeach him with evidence of a thirteen-year-old state conviction for cocaine trafficking. The district court granted the government's motion in limine and admitted the conviction, finding that its probative value as impeachment evidence substantially outweighed its prejudicial impact. See Fed. R. Evid. 609(b). After losing the battle to keep out the evidence, Lewis made a tactical decision to lessen its impact by preemptively disclosing the prior conviction. Lewis took the stand and denied any involvement in the drug conspiracy. Asked on direct examination if he had ever been convicted of a felony, Lewis acknowledged that he had pleaded guilty to the state charge after he had been caught carrying some cocaine, which he claimed had been for personal use. On cross-examination, the prosecution brought out the fact that Lewis had been caught with more than 28 grams, an amount sufficient for a trafficking conviction under state law. Lewis argues that the district court erred in admitting the prior conviction. We affirm.

We review a district court's decision to admit evidence of prior convictions under Rule 609 for abuse of discretion. United States v. Pritchard, 973 F.2d 905, 906 (11th Cir. 1992). If a defendant testifies, he places his credibility at issue and

2

can be impeached with prior convictions. United States v. Vigliatura, 878 F.2d 1346, 1350–51 (11th Cir. 1989). Under Rule 609(a)(1), "evidence that an accused has been convicted of [a crime punishable by death or imprisonment in excess of one year] shall be admitted [for impeachment purposes] if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." However, Rule 609(b) restricts impeachment by convictions that are more than ten years old. Such convictions are not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." The district court made that determination in this case, and Lewis contends that it abused its discretion in doing so.

We note at the outset that, under controlling Supreme Court precedent, Lewis waived any objection to the admissibility of the prior conviction by his choice to offer it first on direct examination. See Ohler v. United States, 529 U.S. 753, 120 S. Ct. 1851 (2000). The defendant in Ohler, on trial for a drug offense, faced the same dilemma as Lewis did in this case. After the trial court ruled that the government could impeach her under Rule 609 with a prior drug conviction if she chose to testify, Ohler decided to "remove the sting" of the impeachment by disclosing the prior conviction on direct examination. Id. at 755, 120 S. Ct. at

3

1852. Invoking the general rule that "a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted," the Supreme Court held that by introducing the conviction herself Ohler had waived any objection to it. Id. at 755, 120 S. Ct. at 1852–53. The Court noted that a criminal defendant "must make choices" at trial:

> [T]he defendant must decide whether or not to take the stand in her own behalf. If she has an innocent or mitigating explanation for evidence that might otherwise incriminate, acquittal may be more likely if she takes the stand . . . But once the defendant testifies, she is subject to cross-examination, including impeachment by prior convictions, and the decision to take the stand may prove damaging instead of helpful. A defendant has a further choice to make if she decides to testify, notwithstanding a prior conviction. The defendant must choose whether to introduce the conviction on direct examination and remove the sting or to take her chances with the prosecutor's possible elicitation of the conviction on cross-examination.

529 U.S. at 757–58, 120 S. Ct. at 1854.

Lewis, like Ohler, had to make a choice. He could have chosen not to testify at all, passing up the chance to tell his side of the story, and then the jury would never have heard about the prior conviction. The possibility that the prospect of impeachment might deter a defendant from testifying is not an unconstitutional burden on the right to testify. Id. at 759, 120 S. Ct. at 1855. Alternatively, Lewis could have taken the stand and preserved his evidentiary objection for appeal by waiting for the government to bring up the conviction, taking the risk of further damaging his credibility if the jury thought that he had concealed that information

4

from them. Lewis did neither. Instead, he chose an approach he thought gave him the best chance of convincing the jury to believe his protestations of innocence. In other words, he gave up an appellate issue in return for what he thought was a better shot at outright acquittal.

Although Lewis waived his evidentiary objection, the government has itself waived the issue of Lewis's waiver by failing to raise it or even mention Ohler in its brief on appeal. See United States v. Smith, 416 F.3d 1350, 1352 & n.1 (11th Cir. 2005) (noting this Court's "well-established prudential rule" of declining to consider arguments not raised in initial briefs). Therefore, Ohler does not prevent us from considering Lewis's challenge to the admissibility of his prior conviction.

Lewis's claim fails, nevertheless, because any error in admitting the thirteen-year-old conviction was harmless. See United States v. Burston, 159 F.3d 1328, 1336 (11th Cir. 1998) (erroneous evidentiary ruling does not warrant reversal if error is harmless). Error in admitting or excluding a prior conviction under Rule 609 is harmless if the witness's credibility is sufficiently impeached by other evidence, or if the government's evidence is strong enough to support a conviction without that witness. See id.;[1] Gibson v. United States, 525 F.2d 556, 559 (5th Cir.

---

[1] In Burston, the issue was the exclusion of a government witness's prior conviction, not the admission of a testifying defendant's own priors. 159 F.3d at 1334. However, this Court has not treated testifying defendants differently from other witnesses in considering whether convictions more than ten years old may be admitted under Rule 609(b). See United States v.

1978).[2]  Lewis's credibility had already been thoroughly impeached by the testimony of witnesses that they had either sold cocaine to him or bought it from him on numerous occasions, by recorded conversations in which he could be heard discussing drug deals with a government informant, and by his own inability to offer a believable explanation for the large sums of cash police had found him with during two different traffic stops.  Had Lewis chosen not to testify at all, the government's evidence would have been more than sufficient to convict him of the charged conspiracy.  In light of that evidence, the impact of the prior conviction was minimal.  The prosecutor never mentioned it in opening or closing statements. The jury heard only about four minutes of testimony on the conviction during two full days of trial, and the court properly instructed the jurors to consider it only for impeachment purposes and not as substantive evidence of guilt.  We presume that the jury followed this limiting instruction.  See United States v. Chirinos, 112 F.3d 1089, 1100 (11th Cir. 1997).  Because any error would have been harmless, we need not decide whether the district court abused its discretion in admitting the prior conviction.

   **AFFIRMED.**

---

Solomon, 686 F.2d 863, 873 (11th Cir. 1982).

   [2] The Eleventh Circuit has adopted as binding precedent decisions made by the Fifth Circuit handed down on or before September 30, 1981.  Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).