[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12534

_____

D.C. Docket No. 1:16-cr-20745-UU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYREE NATHAN ROBERTS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 29, 2018)

Before WILLIAM PRYOR, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Tyree Nathan Roberts appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1]  At trial, the only dispute was whether Roberts knowingly possessed the firearm and ammunition found in the home where he was living.  To shore up its case, the Government moved to admit twelve of Roberts' prior felony convictions for acts requiring the same state of mind under Federal Rule of Evidence 404(b).  Roberts asserts the district court erred by granting the Government's motion.[2]  After review, we conclude admitting five of the twelve convictions was an abuse of discretion and, accordingly, reverse and remand for further proceedings consistent with this opinion.[3]

Rule 404(b)(1) prohibits using "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  But evidence of other crimes may be admissible for another purpose, such as proving intent.  Fed. R. Evid. 404(b)(2).  We assess admissibility under Rule 404(b) using a

---

[1]  We will not repeat the facts and procedural history, which are familiar to the parties.

[2]  Roberts also advanced two sentencing-related positions concededly "foreclosed by binding precedent." Appellant's Br. at 33.  We need not address these contentions, which Roberts sought to preserve for review in the event we affirmed his conviction.  *Id.*

[3] We review a district court's admission of evidence under Rule 404(b) for an abuse of discretion.  *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992).  A court abuses its discretion when its "decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact."  *United States v. Baker*, 432 F.3d 1189, 1202 (11th Cir. 2005), *abrogated on other grounds by Davis v. Washington*, 547 U.S. 813, 821 (2006).

three-part test:  (1) "the evidence must be relevant to an issue other than the defendant's character"; (2) "there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act"; and (3) "the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (quotation omitted).

The third part of the Rule 404(b) test, which implicates Rule 403, is at issue here.  In making Rule 403 determinations, district courts conduct a common-sense assessment of the circumstances of the extrinsic offense, "including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997) (citation omitted).  "[T]his determination lies within the sound discretion of the district judge and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense . . . ." *Id.* (quotation omitted).

The district court admitted twelve prior felony convictions—four for being a felon in possession of a firearm, seven for armed robbery, and one for aggravated assault.  Roberts acknowledges admitting one prior conviction for being a felon in possession was appropriate under our precedent.[4]  *See Jernigan*, 341 F.3d at 1279

---

[4] Alternatively, Roberts contends *Jernigan* was incorrectly decided because "[w]hile the prior knowing possession of a firearm may allow a jury to infer that the defendant possessed the charged firearm knowingly, that inference depends on the use of impermissible propensity

3

("[A] reasonable factfinder also could have concluded that Nelson *knowingly* possessed the weapon found in the truck . . . based on each of his prior convictions for aggravated assault and being a felon in possession, both of which involved the knowing possession of a weapon."). However, Roberts asserts admitting the remaining eleven convictions was error because their probative value is outweighed by concerns about cumulativeness and unfair prejudice.

The portion of our analysis concerning prosecutorial need and temporal remoteness is identical with respect to all eleven prior convictions—both factors favor admission. The prosecutorial need for evidence of intent was strong. Roberts' knowing possession of the firearms was the only § 922(g)(1) element at issue, and the Government's other evidence of Roberts' intent was circumstantial—requiring the jury to infer knowing possession based on surrounding facts.

And the prior convictions were not too remote to be probative. Each of Roberts' prior convictions is included in one of six judgments. Each judgment corresponds to an armed robbery Roberts committed in April 2006. For his crimes, Roberts received a single ten-year sentence. Less than two months after his April 2016 release, Roberts was arrested for the underlying offense. "[D]ecisions as to

---

reasoning." Appellant's Br. at 22. We are not at liberty to disregard *Jernigan*. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").

impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value," *United States v. Pollock*, 926 F.2d 1044, 1048 (11th Cir. 1991), but we are guided by the principle that "[e]vidence of other wrongful acts to prove intent must . . . logically tend to prove the defendant's criminal intent at the time of the commission of the act charged," so "[t]he prior acts must . . . not be so remote as to be lacking in evidentiary value," *Lloyd v. United States*, 226 F.2d 9, 18 (5th Cir. 1955).[5]  Accordingly, we have acknowledged "the prior crime need not be very recent, especially where a substantial portion of the gap in time occurred while the defendant was incarcerated." *United States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2013).  Although Roberts' convictions reflect acts that occurred over ten years before the instant probation violation, he was incarcerated for nearly all of the intervening period.  Therefore, Roberts has not borne his "heavy burden in demonstrating an abuse of the court's broad discretion in determining if an extrinsic offense is too remote to be probative."  *Pollock*, 926 F.2d at 1047 (quotation omitted).

Next, we consider the overall similarity between the extrinsic act and the charged offense.  This analysis varies depending on the nature of the prior conviction.  Where the prior convictions for being a felon in possession of a

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

firearm are concerned, this factor plainly favors admission—the convictions were for the same crime charged in this case. This factor favors the Government less strongly where the remaining eight convictions—seven for armed robbery and one for aggravated assault—are concerned. But when evidence of other crimes "goes to intent rather than identity[,] a lesser degree of similarity between the charged crime and the uncharged crime is required." *United States v. Delgado*, 56 F.3d 1357, 1366 (11th Cir. 1995). Therefore, this factor arguably still favors the Government.

The turning point for Roberts comes when the focus shifts to loading the other side of the scale—the side concerned with prejudice and cumulativeness. With respect to the three additional convictions for being a felon in possession of a firearm, the district court did not abuse its discretion. Neither prejudice nor cumulativeness clearly outweighs probative value.

But the balance tips against admissibility where five of the remaining convictions are concerned. As noted above, each of the six judgments of conviction admitted in this case corresponds to a separate robbery. Four of the robberies gave rise to charges for both being a felon in possession of a firearm *and* armed robbery (or, in one instance, to charges for being a felon in possession of a firearm, armed robbery, *and* aggravated assault). Thus, in those four instances, felon-in-possession convictions arose out of the *exact same conduct* as

corresponding armed robbery and aggravated assault convictions the district court also admitted.  The additional convictions are therefore entirely cumulative and, as a result, virtually devoid of standalone probative value.  Because the additional convictions do not mark separate occasions when Roberts knowingly possessed a firearm, they do not advance the Government's case by further supporting the inference of intent.  Moreover, the risk of prejudice is apparent.  Introducing the additional convictions increased the risk that jurors would engage in propensity reasoning.  We agree with Roberts that the district court abused its discretion by admitting the additional convictions.

We must nonetheless address whether the district court's error was harmless.  "[E]rroneous admission of evidence does not warrant reversal if the error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *United States v. Harriston*, 329 F.3d 779, 789 (11th Cir. 2003).  We cannot conclude the error here did not substantially influence the jury's verdict.  The Government emphasizes that the district court gave a limiting instruction, warning that the previous convictions could only be considered for intent.  But that instruction did not cure the error in this case.  Although we presume juries follow limiting instructions, *United States v. Lopez*, 649 F.3d 1222, 1237 (11th Cir. 2011), we have also acknowledged that despite limiting instructions, it is very difficult for juries not to draw propensity inferences when

7

prior convictions are admitted, *United States v. Pritchard*, 973 F.2d 905, 908 (11th Cir. 1992).  Here, where the limiting instruction was given long after the convictions were introduced, we cannot conclude it un-rung the bell.[6]  This case is **REVERSED AND REMANDED** for further proceedings consistent with this opinion.

---

[6] Having found reversible error, we need not address whether the district court also erred by admitting the three remaining armed robbery convictions, which did not correspond with convictions for being a felon in possession of a firearm.