[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15917
Non-Argument Calendar

_____

D.C. Docket Nos. 1:15-cv-03535-TWT,
1:10-cr-00251-TWT-AJB-10

ARTIS LISBON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 19, 2018)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and BRANCH, Circuit
Judges.

PER CURIAM:

Artis Lisbon appeals the district court's denial of his 28 U.S.C. § 2255 motion alleging that his trial counsel provided ineffective assistance by advising him not to testify in his own defense at his trial on various drug charges.

I.

Lisbon was charged with conspiracy to distribute and to possess with intent to distribute at least 5 kilograms of cocaine, at least 100 kilograms of marijuana, and at least 1 kilogram of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A)(i)–(ii), (b)(1)(B)(vii), and 846; possession with intent to distribute at least 1 kilogram of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(i), and 18 U.S.C. § 2; and possession with intent to distribute at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 18 U.S.C. § 2. He pleaded not guilty and the case proceeded to a jury trial in 2012.

Before trial the government provided notice of its intent to introduce for the purpose of increased punishment evidence of Lisbon's 1996 conviction in Georgia state court for possession with intent to distribute cocaine, sale of cocaine, and carrying a concealed weapon. Lisbon filed a motion in limine to exclude those convictions, arguing that they were inadmissible under Rule 403 of the Federal Rules of Evidence because any probative value was substantially outweighed by the fact that the convictions were sixteen years old by the time the trial started. The government responded that the convictions were relevant to Lisbon's intent

2

and that they were not unfairly prejudicial under Rule 403. The court heard arguments on Lisbon's motion at a pretrial hearing but deferred ruling on the motion until trial.

When the court addressed the motion at trial, it concluded that Lisbon's 1996 conviction was "too remote." Although it said that "the probative value" of the conviction "outweighs the prejudicial impact," it granted Lisbon's motion in limine and excluded the conviction "[g]iven [Lisbon's] age at the time and the remoteness in time to the crimes alleged in the indictment."

Lisbon declined to testify during the trial based on the advice of his trial counsel, who had concluded that Lisbon's 1996 conviction would have been admissible as impeachment evidence under Rule 609 of the Federal Rules of Evidence if Lisbon testified. After the close of evidence and outside the presence of the jury and the government, the court asked Lisbon a few questions about his decision not to testify. During that colloquy the court advised Lisbon that if he testified, the government "would be able to question [Lisbon] about [his] prior felony drug conviction." Lisbon and his counsel confirmed that Lisbon knowingly, intelligently, and freely waived his right to testify.

The jury found Lisbon guilty on each count against him. We affirmed his conviction and sentence on direct appeal and later denied his petition for rehearing en banc. The Supreme Court denied his petition for a writ of certiorari.

3

Lisbon timely filed his present motion for habeas corpus relief under 28 U.S.C. § 2255, which he later amended.  The district court denied Lisbon's motion. We initially denied Lisbon's motion for a certificate of appealability, but upon reconsideration, we granted him a COA on the following issue:

> Was Mr. Lisbon's trial counsel ineffective in counseling him not to testify in his own defense at trial?

## II.

"In a Section 2255 proceeding, we review legal issues <u>de novo</u> and factual findings under a clear error standard."  <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) (quotation marks omitted).  "An ineffective assistance of counsel claim is a mixed question of law and fact subject to <u>de novo</u> review."  <u>McNair v. Campbell</u>, 416 F.3d 1291, 1297 (11th Cir. 2005).

To succeed on a claim of ineffective assistance of counsel, the inmate must show that his Sixth Amendment right to counsel was violated because (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced [his] defense."  <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

"Judicial scrutiny of counsel's performance must be highly deferential."  <u>Id.</u> at 689, 104 S. Ct. at 2065.  Counsel's performance is deficient only if it falls "outside the wide range of professionally competent assistance," <u>id.</u> at 690, 104 S. Ct. at 2066, and this Court "must indulge a strong presumption that counsel's

4

conduct falls within" that range, id. at 689, 104 S. Ct. at 2065. "Thus, counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken might be considered sound trial strategy." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) (quotation marks omitted). For an inmate "to show that [his counsel's] conduct was unreasonable, [the inmate] must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315. "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." White v. Singletary, 972 F.2d 1218, 1220 (11th Cir. 1992).

## III.

Lisbon contends that his trial counsel's performance was deficient because he advised Lisbon not to testify on his own behalf based on an incorrect legal opinion. He asserts that his testimony "was critical to his defense" because it was the only way to impeach the testimony of a crucial government witness. But Lisbon's counsel concluded that if Lisbon had testified, his 1996 conviction — which the district court had excluded when the government offered it for purposes of a sentencing enhancement — would be admissible as impeachment evidence under Rule 609. According to Lisbon that conclusion was incorrect. And because

5

that conclusion informed Lisbon's counsel's advice not to testify and because

Lisbon declined to testify based on that advice, Lisbon argues that his counsel

effectively denied him his right to testify on his own behalf.  See United States v.

Teague, 953 F.2d 1525, 1534 (11th Cir. 1992) ("Because it is primarily the

responsibility of defense counsel to advise the defendant of his right to testify and

thereby to ensure that the right is protected, we believe the appropriate vehicle for

claims that the defendant's right to testify was violated by defense counsel is a

claim of ineffective assistance of counsel. . . .").

But it is at least possible that Lisbon's 1996 conviction would have been

admissible under Rule 609, so Lisbon's counsel's performance was not

constitutionally deficient.  Rule 609 permits a party to attack a witness's character

for truthfulness in some circumstances by introducing the witness's prior

conviction as impeachment evidence.  Fed. R. Evid. 609(a).  A prior conviction

that is more than ten years old, however, may not be admitted as impeachment

evidence unless: (1) the conviction's "probative value, supported by specific facts

and circumstances, substantially outweighs its prejudicial effect; and (2) the

proponent gives an adverse party reasonable written notice of the intent to use it so

that the party has a fair opportunity to contest its use."  Fed. R. Evid. 609(b).  "In

this circuit, there is a presumption against the use of prior crime impeachment

evidence over ten years old; such convictions will be admitted very rarely and only

in exceptional circumstances." United States v. Pritchard, 973 F.2d 905, 908 (11th Cir. 1992) (quotation marks omitted).

Lisbon has conceded that the government gave his trial counsel written notice of its intent to use his 1996 conviction, so the admissibility of that conviction as impeachment evidence would have hinged on whether the conviction's probative value substantially outweighed its prejudicial effect. Based on our decision in United States v. Pritchard, 973 F.2d 905, and Lisbon's framing of his case, the probative value of the conviction may very well have substantially outweighed its prejudicial effect.

Lisbon asserts that "the Government's entire case hung on the credibility of" the testimony of a cooperating co-defendant, so "it was critical" for Lisbon to testify to impeach the cooperating co-defendant's testimony. A similar situation occurred in Pritchard, where we noted that, "[a]lthough the circumstantial evidence was strong, the only direct witness against [the defendant] was [the cooperating co-conspirator], a convicted felon who had pleaded guilty to the [same offense] and was cooperating with the government. The crux of this case was a credibility issue, i.e. the credibility of [the cooperating co-conspirator] versus that of [the defendant]." Pritchard, 973 F.2d at 909. In the present case, as in Pritchard, "[t]he jury had before it the criminal record of" the cooperating co-defendant, so Lisbon's "criminal record, or the absence thereof," would have taken "on special

7

significance." Id.  That means that the credibility of Lisbon's testimony, like the

testimony of the defendant in Pritchard, would have been "vital." Id.  So had

Lisbon testified, "the government's need for the impeaching evidence" would have

been "substantial." Id. (citation omitted); see United States v. Cathey, 591 F.2d

268, 276 (5th Cir. 1979) ("In the context of admissibility of over-age convictions

[under Rule 609] exceptional circumstances includes, though it is not limited to,

the need of the party offering the evidence to use it.  This concept of necessity is

relevant to the district judge's evaluation of the probative value of the

conviction.").  Lisbon, like the defendant in Pritchard, "had no convictions within

the ten years before the trial," so Lisbon's 1996 conviction would not have been

"merely cumulative of other impeachment evidence." Pritchard, 973 F.2d at 909.

And Lisbon's 1996 conviction was only slightly older (sixteen years old at the time

of trial) than the Pritchard defendant's conviction (which we described as "only

thirteen years old," id.).

      To be fair, the defendant in Pritchard was twenty-two at the time of his prior

conviction, id. (describing the Pritchard defendant as "well past juvenile status"),

while Lisbon was only eighteen at the time of his prior conviction.  And while the

Pritchard defendant's prior conviction for burglary was only "somewhat similar" to

the bank robbery and conspiracy charges at issue in Pritchard, id., Lisbon's 1996

conviction was fairly similar to the charges against him in the prosecution

underlying this case.  But we are not convinced that Lisbon's prior conviction was so similar to the new charges against him that admitting Lisbon's prior conviction would have created an unacceptable risk that the jury would improperly consider his prior conviction as evidence that Lisbon was guilty of the new charges.  See id.

Taking all of the relevant factors together, we held in Pritchard that the district court did not abuse its discretion by admitting evidence of the Pritchard defendant's prior conviction under Rule 609.  Id. at 909–10.  We similarly conclude that if Lisbon had testified, the district court would not have abused its discretion by admitting evidence of Lisbon's 1996 conviction under Rule 609 to impeach Lisbon's testimony.

That's not to say that it is likely that the district court certainly would have admitted evidence of Lisbon's 1996 conviction to impeach Lisbon's testimony. The district court excluded evidence of the conviction under Rule 403 when the government offered it for the purpose of enhanced punishment, and it might have excluded it under Rule 609 as well.  But regardless of the likelihood, it is still possible that the district court would have admitted Lisbon's 1996 conviction under Rule 609 had he testified — especially if evidence of the conviction would have "directly contradicted [a] position" Lisbon took while testifying, see United States v. Johnson, 542 F.2d 230, 235 (5th Cir. 1976); see also id. at 234–35.  So Lisbon's trial counsel's advice that Lisbon not testify could "be considered sound

9

trial strategy," Chandler, 218 F.3d at 1314 (quotation marks omitted), and "some reasonable lawyer at the trial could have acted, in the circumstances, as [Lisbon's] defense counsel acted at trial," White, 972 F.2d at 1220. As a result, Lisbon's trial counsel's performance was not constitutionally deficient under Strickland, which means Lisbon's ineffective assistance of counsel claim fails.

Given our conclusion that counsel's advice was not outside the wide range of reasonable professional assistance, see Strickland, 466 U.S. at 689–90, 104 S. Ct. at 2065–66, we need not decide whether there is a reasonable probability of a different result but for that advice and Lisbon's decision not to testify.

**AFFIRMED.**

10