[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15137

_____

D.C. Docket No. 1:16-cr-00421-TWT-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY LAMAR BAILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 19, 2019)

Before TJOFLAT and WILLIAM PRYOR, Circuit Judges, and MURPHY,[*]
District Judge.

---

[*] Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of
Michigan, sitting by designation.

MURPHY, District Judge:

Stanley Lamar Bailey appeals his conviction for possessing a firearm as a previously-convicted felon. After a traffic stop, flight, and brief pursuit, the defendant—who undisputedly had a prior felony conviction—was arrested and charged with possessing a handgun.

At trial, Bailey's ex-girlfriend testified for the prosecution that Bailey told her in a phone call that he totaled his car. Bailey asked her on cross-examination about a second phone call he made to her, during which he said that someone else was driving his car and had fled from the police. The district court permitted the witness to recite Bailey's hearsay statements under the rule of completeness. The prosecution then requested the district court's permission to introduce two of Bailey's prior felony convictions to impeach him as a hearsay declarant. The district court granted the request and the prosecution introduced the prior convictions. On appeal, Bailey contends that the district court erred by admitting the convictions and failing to perform Federal Rule of Evidence 609's balancing test before admitting the impeachment evidence.

In its case in chief, the prosecution also called a probation officer to testify about her reports on Bailey. Although the prosecution never provided the officer's reports to Bailey, the government did provide a written summary of the reports' contents to him. And the trial court found that the summaries substantially

2

complied with the Jencks Act, 18 U.S.C. § 3500 *et seq*.  Bailey asserts that the trial court erred in that conclusion.

On appeal, Bailey argues that the district court erred in three discrete ways: (1) by allowing the prosecution to impeach the defendant with his prior convictions; (2) by failing to weigh the probative value of Appellant's prior convictions against their prejudicial effect under Rule 609; and (3) by improperly finding that the government had substantially complied with its discovery obligations under Criminal Rule 26.2. For ease of reference, we will address each point in turn.

## I.

Deciding whether to admit evidence is "committed to the sound discretion" of the trial court. *United States v. Bovain*, 708 F.2d 606, 614 (11th Cir. 1983); *see also* Fed. R. Evid. 806, 609. Thus, we review a district court's admission of prior-conviction evidence under Rule 609 for abuse of discretion. *United States v. Pritchard*, 973 F.2d 905, 908 (11th Cir. 1992).

When a district court admits a hearsay statement into evidence, "the declarant's credibility may be attacked . . . by any evidence that would be admissible" if the declarant himself had testified as a witness. Fed. R. Evid. 806. In certain circumstances, therefore, a declarant's statements may be impeached by evidence of a prior criminal conviction. *See* Fed. R. Evid. 609. Prior conviction

evidence is admissible even if the defendant is the hearsay declarant. *See Bovain*, 708 F.2d at 613 ("Because [a non-testifying defendant] is a hearsay declarant, his testimony may be treated like that of a witness (Rule 806), and as a witness, he can be impeached (Rules 608, 609). Therefore, the . . . prior convictions were admissible for impeachment purposes (Rule 609).").

Moreover, a criminal defendant's hearsay statements elicited through a defense witness fall within the purview of Rules 806 and 609. *See United States v. Scrima*, 819 F.2d 996, 1001 (11th Cir. 1987) ("[T]he defense sought to place the defendant's remarks before the jury without subjecting them to scrutiny of cross-examination. This is precisely what is forbidden by the hearsay rule.").

The trial court admitted a small subset of Bailey's several convictions pursuant to the applicable rules. Bailey fails to cite authority or offer convincing arguments for his position that we should read a limitation into these rules to prohibit the impeachment of a hearsay declarant whose statement is admitted under the rule of completeness. Because the applicable rules plainly authorize the district court's ruling, we conclude that the district court did not abuse its discretion.[1] We affirm in this respect.

---

[1] Having determined that the impeachment was proper, we also see no issue of the prosecution using the conviction evidence in its rebuttal argument to urge the jury to weigh the credibility of the defendant's hearsay statements against the immunized government witness's testimony. Jurors are instructed to weigh the credibility of witnesses against impeached testimony. Because the government lawyers did not suggest that Bailey was guilty of the charge on trial because his

II.

When a defendant objects to evidence under Federal Rule of Evidence 609, the trial court is required to make "an on-the-record finding under Rule 609(a)(1) that the probative value of admitting the evidence outweighs its prejudicial effect." *United States v. Preston*, 608 F.2d 626, 639 (5th Cir. 1979).  When an objection is made at trial, but a new basis is raised for the first time on appeal for that objection, we review for plain error.  *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). To demonstrate plain error, Bailey must demonstrate "(1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* at 1298 (internal quotation omitted). Plain error justifies reversal of the district court only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation omitted).

Here, Bailey objected to the government's use of his prior convictions only under Rules 806 and 404, and he raised Rule 609 as a basis for objection for the first time on appeal. We therefore review for plain error.  Any error the district court may have made by failing to conduct the Rule 609 balancing test on the record was not plain. Balancing the prejudicial effect of the convictions against

---

past felonies gave him a propensity to commit the crime, the government rebuttal was proper and the trial court committed no error by allowing it.

5

their probative value lies within the district court's discretion.  And the balance here would support introduction of the impeaching evidence as a matter of law.

Although the admission of his prior convictions was prejudicial to Bailey, all evidence offered against a criminal defendant is prejudicial. The question is whether the prejudice outweighs the probative value of the evidence.  And here it did not. When the defendant introduced hearsay evidence regarding whether he was at or near the vehicle in which the firearm was found—a central question in the case—he put his credibility directly at issue. The government was therefore entitled to challenge his credibility by impeaching the hearsay declarations with limited evidence of past felony convictions. And that is precisely what the district court allowed.

The felonies admitted by the district court constituted only a subset of defendant's overall criminal record, were close in time to the criminal activity charged in the indictment, and did not constitute evidence that touched upon impermissible matters involving character, moral turpitude, or similar crimes governed by Rule 404. In sum, the evidence was properly balanced to provide the United States with grounds for impeachment while not substantially prejudicing Bailey's right to a fair trial. And, even if the district court committed error by not balancing the Rule 609 factors on the record, it did not affect the fairness or integrity of the trial. The United States presented additional evidence that Bailey

6

possessed a gun—identification by an officer, Bailey's wallet in his car where the gun was found, and multiple witnesses testifying about Bailey having a gun or gun holster at various times. There is therefore no reason to remand the matter to the district court.[2]

Accordingly, we affirm in this respect.

### III.

"We review a district court's enforcement of Jencks disclosure requirements for abuse of discretion." *United States v. Schier*, 438 F.3d 1104, 1107 (11th Cir. 2006). And a district court's Jencks Act findings are reviewed for clear error. *Id.*

The Jencks Act establishes that, upon request, a district court must order the government to produce to the defendant any witness statements in its possession that relate to the subject matter of that witness's testimony. *See* 18 U.S.C. § 3500.

Bailey argues that the trial judge abused his discretion by failing to order the United States to provide him with prior statements of a government witness and that the trial judge plainly erred by not reviewing the statements *in camera* before making his ruling. But the government agency in possession of the case notes—the Georgia Department of Community Supervision—had not authorized the prosecution to produce the notes at trial. The prosecution had also only received

---

[2] The district court also provided the jury with a limiting instruction designed to remind the jurors that the convictions were to be considered as impeachment material and not evidence of guilt, which further cured any potential unfairness.

the contents of the case notes verbally, and it promptly turned over to the defense a written summary detailing the information that it had received. Accordingly, the prosecution stated that it complied with the Act by disclosing its own notes of the materials, which it said included the relevant substance of the Jencks material.[3] The trial court agreed and determined that the prosecution "substantially complied" with the Act.

Based on representations the government made at trial, the district court reasonably could have believed that the government did not have the notes in its possession. Federal Rule of Criminal Procedure 26.2(a) provides:

> **(a) Motion to Produce.** After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness *that is in their possession* and that relates to the subject matter of the witness's testimony.

Fed. R. Crim. P. 26.2(a) (emphasis added).

Rule 26.2(a) requires the production only of statements that are "in [the government's] possession." And we have held for purposes of criminal discovery rules that the phrase "within the possession, custody, or control of the government"

---

[3] In many cases, federal law enforcement agencies found to be in full compliance with the Jencks Act routinely turn over written summaries of oral witness statements (e.g., FBI "302s") as opposed to raw notes or random written recollections of the statements themselves. The production of "302s"—as opposed to those other types of materials—represents full compliance with the Act.

8

does not include possession of a statement by persons who are not a part of the prosecution's team, such as when a statement is possessed by a federal or state court, probation officers, or local law enforcement officers. *See United States v. Brazel*, 102 F.3d 1120, 1150 (11th Cir. 1997) (analyzing the issue in the context of Fed. R. of Crim. P. 16(a)(1)(A)); *United States v. Trevino*, 556 F.2d 1265, 1271 (5th Cir. 1977) (observing that a presentence investigation report in the probation officer's possession was not also in the government's possession for purposes of several criminal discovery rules). Although Bailey argues that Jencks Act disclosure obligations also extend to any statement that is "constructively possessed" by the government, he fails to show that the facts here establish constructive possession.[4]

---

[4] The government's brief was ambiguous regarding whether it possessed the case notes at issue. A recap of the government's representations at trial shows that it did not. After Probation Officer Michelle Vidal testified that she sought a warrant for Bailey's arrest after he absconded from supervision, Bailey requested the production of her "reports" about his conduct on supervision. In response, the prosecutor stated that the "reports" were not reports in a traditional sense, but were case notes stored electronically in a database of the Georgia Department of Community Supervision. The prosecutor also explained that, based on the probation department's regulations, she was "not able to release them without [the agency's] authorization." Although that statement might appear ambiguous about whether she had the reports in her possession, she then clarified that she never possessed or had direct access to the reports. She stated that one week earlier, the prosecution received the information in the reports "verbally," and that they were not "able to get the physical paper." After "[the prosecution] got the information verbally . . . the agent wrote reports summarizing that information" and delivered those reports to Bailey. The government argued that, because the report covered all the information the government received and it detailed the substance of what Vidal testified about, the government had satisfied its disclosure obligations. Bailey admitted that he had received the report, and he did not dispute the government's factual allegations. The district court based its conclusion that the government had "substantially complied" with its Jencks Act obligations on these representations.

Both of Bailey's assignments of error for the district court's Jencks Act ruling fail for the same reason: the government did not possess the records Bailey requested. As the record establishes, the government only "verbally" received a summary of the contents of the reports; it never had the "physical paper" of the reports or even had the opportunity to view the electronic records. The Jencks Act and Rule 26.2(a) therefore do not apply to the records. To the extent the government "possessed" the information in the records, it promptly turned the information over to Bailey.

"We may affirm on any ground supported by the record, regardless of whether that ground was relied upon or even considered below." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). Because the record here establishes that the government did not possess the records Bailey sought, the district court did not abuse its discretion when it declined Bailey's request to produce the records under Rule 26.2(a) and the Jencks Act, and it did not plainly err by not reviewing *in camera* records that were not subject to Rule 26.2(a) or the Jencks Act.

Accordingly, we affirm in this respect.

**AFFIRMED.**